Derbigny,J.
delivered the opinion of the court. The plaintiff and appellee, being at Louisville, in Kentucky, on a voyage down the river, took charge of a flat boat laden with flour, consigned to the appellants, which *389 was then in a bad condition, with her cargo partly damaged, in consequence of her having run aground, on her way from Frankfort, to the falls of Ohio. It appears that when the appellee took possession of the boat, all her hands had left her, and that one Conway, who had the care of her, was about to forsake her also. One of the witnesses says positively: "the boat was left at Louisville, by Hardin and Conway both ; the other hands had all left the boat before.” In that situation, the appel-lee undertook to take the boat down to her destination, and, notwithstanding her leaky condition, brought her safe to New-Orleans and delivered her and her cargo to the appellants. For this service he claims four hundred dollars, which is allowed, by the witnesses, to be no more than a reasonable compensation.
East'n District.
March, 1818.
The appellee’s claim is resisted, on the ground, that from the depositions of some of the witnesses, it would seem that he was requested by Conway, to take charge of the boat; and that appearing in the character of substitute of the master, he is liable for the damage which happened to the boat and cargo, in the river Kentucky. This objection, however, is of little weight; for the depositions which relate to what Conway told the appellee, are *390 nothing but hearsay evidence; and if they were more than that, the appellee has sufficiently proved, that the damage which happened to the boat, previous to his taking possession of her, was not owing to the neglect, nor to the unskilfulness of the person who then commanded her.
Turner for the plaintiff, Ellery for the the defendant.
Upon the whole, the demand of the appellee appears to be a most equitable one.
It has been observed by the appellants, that should they be condemned in this court to pay the sum awarded against them in the court below, still they are not liable to pay interest on it, since the judicial demand, as the amount of the appellee's claim was not liquidated until judgment was pronounced in the suit. It is generally allowed, that interest is not recoverable for unliquidated damages, or on uncertain demands; and we see no reason why it should be otherwise in this case. The judgment of the parish court must be reformed in that part.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be reversed: and that judgment be entered for the plaintiff, for four hundred dollars, and the costs in the inferior court.