Dekbígnt, J.
delivered the opinion of the court. Antoine Trégre, the defendant, after the death of Mary Baroe Haydel, his wife, caused an inventory of their joint estate to be made, and under the 2d. section of the'‘-act to amend the ninth section of the eighth title of the first book of the digest, respecting tutors and curators of minors, ike.” obtained the whole estate to be adjudicated to himself for its estimated value. The children of Antoine Tregre, and Mary Barbe Haydcl were nine in number, four of tfhr. m were o'fage, and the others minors. Of these nine children, four appear as plaintiffs in this case, and demand that the adjudication be declared null and void, and that a new estimation, sale and par tition of the property may be ordered
*666 .... on the ground, that the decree of adjudication being a judicial proceeding, their complaint against it ought to have come before him in the form of an appeal. This reasoning, we think, was correct with respect to one of the plaintiffs, but not to all, for some of them were not parties to the adjudication, and therefore, could not have appealed, or if they could, were not bound to resort to that mode of proceeding as their only remedy.
The principal grounds, on which the plaintiffs rely, are, that the family meeting, whose consent is required by law to an adjudication of this nature, was irregular and incomplete, and that the proceedings on the adjudication were not written in English, as all judicial proceedings ought to be. They have further aliedged various other causes of nullity, which will hereafter be examined, if found necessary.
Previous to entering into an investigation of the merits of this case, the relative situation of the plaintiffs must be understood and fixed, and a discrimination, between their respective rights, established. Two of the plaintiffs, Mary and Ci-té Tregre are the wives of Elie Giron and Syl-vain Roussel, who appear to have been present at the inventory, appraisement and adjudication, and to have received their respective shares of *667 the whole estate : another, Eulalie Tregre, now married to G. Haydel, was, at the time of the inventory, a minor above the age of puberty, whose curator ad lites Elie Giron, signed the proceedings ; the fourth, Joseph Tregre, was also a minor above the age' of puberty, whose curator ad lites was then, and still is the same Elie Giron.
The two first, have clearly no right to petition against the adjudication of so much of the property inventoried, as consisted of moveable property A husband being by law authorised to proceed, without his wife, to the partition of the moveable part of a succession accrued to her. The claim of Eulalie T regre is also inadmissible, so far as it respects the moveable property, the person, who has married her since, being proved to have received, as well as the others, her share of the price of adjudication of the whole estate. As to Joseph Tregre, who is still in the same situation as on the day of the adjudication, that is to say a minor assisted by the same curator, his petition is, on his part, premature, and on the part of his curator, a most extraordinary step, to say the least of it.
The demand of the three married women, au-thorised by their respective husbands, to petition against their acts must be considered, so far as it respects the immoveable property and slaves, as strictly legal, whatever may be its aspect other- *668 w¡se . arjd the enquiry now is. whether the adiu-1 \ J dication of that property to their father, was made according: to law.
The attempt to shew, by parol evidence, that the proceedings conducted by the parish judge were irregular, and that the record of them does pot contain the truth, was resisted by the defendant, on the ground that no oral testimony can be introduced against matter of record, except only where such record is attacked as false, and then under the rigid rules prescribed by law to the party, who undertakes to prove the falsity. We think, with the counsel for the defendant, that the plaintiffs have not pursued such steps here, as could entitle them to produce witnesses to impeach these proceedings.
But the counsel for the plaintiffs says that, supposing the proceedings to be otherwise regular, they are radically defective in one point, to wit : b: cause they are not written in English a§ iher constitution requires.—The language of our constitution is that, “ all laws which may be passed by the legislature and the public records of this state, and the judicial and legislative written proceedings of the same, shall be promulgated, preserved and conducted in the language in which the constitution of the United States i§ Written.”
It has been debated between the parties, whe *669 t'her these proceedings are such as the law calls judicial. But having no doubt, that the acts of a judge presiding as such to the partition of an estate, and decreeing the adjudication of it according to law, are stamped with the character pf judicial proceedings, it is our duty to declare, that unless such proceedings are written in English, as the constitution directs, we are bound to pronounce them void.
Morse for the plaintiffs, Moreau for the de-fpndanj.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be revers ed ; and this court proceeding to give such judgment, as they think ought to have been given below, do further adjudge and decree, that the adjudication made to the defendant, of the slaves and real estate, inventoried as the common property of him and his children, be set aside and avoided ; and that a new partition of the said objects be proceeded to according to law, reserving to the defendant his right against the husbands of the plaintiffs, to compel them to account for, or refund the sums which they have received, as the shares of their wives in the appraised value of the said slaves and real estate.