BABIN ET ALS.
vs.
WINCHESTER.

**BABIN ET ALS. vs. WINCHESTER.**

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE PARISH
JUDGE, OF THE PARISH OF ASCENSION, PRESIDING.

The *procès verbal* of a sale, in which a mortgage is retained, made by the parish judge, acting as auctioneer, and duly recorded in the parish judge's office, is full evidence of the mortgage, which is binding on third possessors of the mortgaged property.

The identification of the note sued on, with a mortgage taken to secure its payment, may be shown by circumstantial and parole evidence, without the paraph *ne varietur*.

According to the rules of practice in force in 1816, which was before the adoption of the Code of Practice, a judgment by default became final, *ipso facto*, by the lapse of *three days;* and reasons are not necessary to the validity of such a judgment.

A judgment by default, which becomes final, by operation of law, does not require the signature of the judge to render it perfect and final.

In an action of warranty, prescription only runs from the date of eviction. If the action is commenced within ten years, it *is in time to prevent* prescription.

The action of mortgage is not barred by prescription, when commenced within ten years from the time when the debt became due and payable.

The third possessor, who is evicted, is entitled to recover of his vendor and warrantor, the value of his improvements put on the evicted premises, at the period of eviction.

This is an action of warranty, instituted by the heirs and legal representatives of Charles Babin, deceased, to recover one thousand eight hundred and seventy-five dollars, the price of three arpents of land by forty in depth, sold by the defendant to the ancestor of the plaintiffs, from which the latter was evicted, by a pre-existent mortgage. The facts of the case show, that, on the 27th April, 1813, this tract of land, then consisting of four arpents by forty, on Bayou Lafourche, was sold by order of the Court of Probates, at the instance of

the heirs of Nicholas Doublin, and E. Hernandez became the purchaser, for three thousand dollars, payable by instalments, for which he gave his notes, endorsed by Montserrat, with special mortgage. Two days afterwards, Hernandez sold the premises, by notarial act, to Montsèrrat, who bound himself to pay Doublin's heirs.

Montserrat paid part of the first instalment, and gave his own notes for the balance, to one Doucet, curator of one of Doublin's heirs. Afterwards, on the 30th March, 1816, the land was sold by the sheriff, to pay Montserrat's notes, and Winchester, the present defendant, became the purchaser.

On the 9th of April, 1818, Winchester sold and conveyed the land to Charles Babin, for two thousand five hundred dollars in cash, with full warranty.

In April, 1820, Babin sold one arpent front of this tract, to Ayraud, for one thousand two hundred dollars, who on the 7th January, 1823, conveyed it to Joseph Hidalgo.

On the 2d June, 1816, the second note of Hernandez, for one thousand five hundred dollars, being unpaid, the heirs of Doublin, commenced suit against Hernandez, and prayed that Winchester, who was in possession of the land, be served with a copy of the petition. On the 18th June, judgment by default was taken against Hernandez; which was entered up for one thousand five hundred dollars, and made final, without any answer being filed, on the 17th September following. The minutes of the court, under this judgment, were signed by the district judge on the same day. This was the only signing of the judgment.

On the 6th of December, 1824, Doublin's heirs, obtained an order of seizure and sale on this judgment, against Babin and Hidalgo, then in possession of the land. On the 17th January, 1825, when it was about being sold by the sheriff, Winchester, as warrantor of the third possessors, obtained an injunction to stay the executory proceeding, and on the 25th June, took a *non*-suit, with the right of producing the same matters in defence, in case he should be called in warranty.

On the 30th July, 1825, Babin and Hidalgo, obtained an injunction, and prayed that Winchester and Ayraud, their

EASTERN DIST.
December, 1834.
═══════
BABIN ET ALS.
vs.
WINCHESTER.
vendors, be called to defend the title to the premises. They appeared and filed their answers. The injunction was dissolved, and an appeal taken. The judgment of the District Court, was confirmed. See 4 *Martin, N. S.* 611.

The premises were seized and sold, according to this judgment.

On the first of February, Ayraud instituted suit against Babin's heirs, in the Probate Court, to recover one thousand two hundred dollars, the price of one arpent front, of the original tract. The heirs of Babin called Winchester in warranty, *expressly reserving their right to sue him for the remaining three arpents.*

Winchester pleaded prescription; and that Babin should have notified him of the seizure of the premises in the first instance, and legally called him in warranty, as he could then have made a victorious defence, which he stated at length.

On the 7th February, 1828, judgment was rendered in favor of Ayraud, against Babin's heirs and Winchester, which was confirmed by the Supreme Court, the 23d February, 1829. 7 *Martin, N. S.* 471.

On the 27th October, 1830, Babin's heirs brought the present suit, to recover one thousand eight hundred and seventy-five dollars, the price of the remaining three arpents in front, from which they were evicted, claiming one thousand dollars for improvements.

Winchester pleaded a general denial and prescription. He further averred, that he should have been notified of the first seizure, under the mortgage of Doublin's heirs, and called in warranty, when he could have made a victorious defence.

The following admissions were made :'

1. That at the time of the seizure of the land, Babin owned three arpents, and Hidalgo one arpent.

2. That Winchester was appointed judge, in the early part of 1818.

The witnesses called, proved the improvements made on the land, were worth about one thousand dollars. One of the

witnesses proved, that Winchester told Babin, previous to the sale by the sheriff, in 1826, that if he was evicted, he might make himself easy about it, that he should not lose any thing.    This testimony was corroborated by another witness.

Judgment was rendered in the District Court, by the parish judge against the defendant, and he appealed.

*A. & J. Seghers*, for the plaintiffs, contended:

1. That the defendant was bound by his promises made to them and proved, in consequence of which this suit was delayed from 1827, until 1830 ; and the plaintiffs at the same time, expressly reserved the right of suing the defendant. This alone would prevent prescription.

2. The warrantor, although not called in warranty in time by his vendee, still is bound to make good the warranty, if he does not show he had sufficient grounds to defeat the action of eviction.    *Civil Code*, 357, *art*, 64.    7 *Martin*, 412, 10 *ibid*, 399.

3. The defendant was bound to explain, in his answer, the means of his defence, but which he entirely omitted, averring he would show them on the trial.    This course showed his intention to take the plaintiffs by surprise, which ought not to be tolerated.    Not being disclosed in the original answer, they cannot be heard here.

4. But the plaintiffs will answer the objections made in the defence, to the original mortgage of Doublin's heirs, and their judgment.    *First*, the judgment is good, because the citation and service of it was legally made on the defendant, Hernandez, who is not shown to be a Frenchman, requiring the service in French language.    11 *Martin*, 301.

5. The judgment is final, the court being in session three days after it was rendered.    The demand was liquidated by a note, so that the judgment only wanted signing, after three days, which was done.    2 *Mar. Dig.* 152.    4 *Martin*, 665.

6. The *procès verbal* of the sale and adjudication of the property of Doublin's estate, to Hernandez, in 1813, was a complete act of sale, a judicial sale, in which a mortgage was retained.    5 *Martin*, 372, 382–3.

## CASES IN THE SUPREME COURT

EASTERN DIST.
December, 1834.

BABIN ET ALS.
vs.
WINCHESTER.

7. The original judgment against the debtor, cannot be attacked except on the grounds of *absolute nullity*, fraud or collusion. It is *primâ facie* evidence, and sufficient to support the demand against the third possessor. 8 *Mar. N. S.* 403.

8. In an action against a third possessor of mortgaged property, the creditor is not obliged to produce the evidence on which he obtained judgment against the principal debtor. 1 *Martin, N. S.* 1.

9. There is no law requiring a judgment to be signed on the back of the petition, rather than on the minutes of the court; and where judgment by default, on a liquidated demand is taken, it becomes final by the lapse of three judicial days. 4 *Martin,* 665.

10. The *procès verbal* of a sale, by a parish judge, acting as auctioneer, is a sufficient registry of the sale and mortgage retained in and resulting therefrom, when deposited in his office. He acts in this instance in the capacity of judge, auctioneer and notary. 6 *Martin, N. S.* 121. 2 *La. Rep.* 577.

11. Damages were claimed on the warranty and clearly proved, so that the plaintiffs are clearly entitled to recover them. *La. Code, art.* 2482.

12. The defendant cannot avail himself of prescription. He purchased the evicted premises in March, 1816, was called in warranty, and appeared in 1825, *less* than ten years. The day of the seizure was the 20th December, 1824. *Civil Code, art.* 81, *page* 473.

13. The action of warranty now instituted, is not prescribed. The right to this action only dates back to 1826, the time when the heirs of Babin were evicted, and not from the time of the sale by the defendant to them, in 1816. Again under the old Civil Code, actions of warranty, with many others, were only prescribed by thirty years. *Civil Code, art.* 65, *page* 487.

*Roselius,* for the defendant.

1. This is an action of warranty. The defendant was not called to defend the hypothecary action by which his vendee was evicted. If he can show that he could have defeated

that action, had he been called, he must succeed against the plaintiff in the present case. *Civil Code, page 356, art.* 64.

2. The defendant could have successfully resisted the hypothecary action : *first,* because the act of sale from Doublin's heirs to Hernandez, on which the order of seizure and sale was obtained, contains no mortgage ; *second,* because the note sued on is not identified with the act of sale, nor was, or is it now shown that it was given for the property sold to Hernandez ; *third,* there is no final judgment against Hernandez, the principal debtor. The judgment by default in the record is not signed. *Civil Code, page* 460 *art.* 43 : *fourth,* it is null and void, both as to form and substance ; it does not appear to be a judgment by default confirmed ; it contains no reasons, and it does not appear to be rendered in term time ; *fifth,* prescription could have been successfully opposed, as more than ten years had elapsed from the sale to Hernandez, in 1813, until the institution of the hypothecary action in 1824. 2 *Martin's Dig.* 194, 304. *Civil Code, page* 472, *art.* 81.

3. The defendant is protected by prescription in this case, as more than ten years elapsed from the sale to Babin, until the institution of this suit, in 1830. *Paillet, page* 851, *note to art.* 2252 *of Code Nap. Merlin, Question du Droit, verbo Prescription, sec.* 14.

3. The damages claimed for improvements are not proved. The defendant sold the premises to Babin, for two thousand five hundred dollars, and seven years afterwards, they were sold by the sheriff on a year's credit, with all the pretended improvements for the same sum.

4. The defendant contends, that if he had been called in warranty when the premises were seized, he could have showed the mortgage, under which Doublin's heirs proceeded, was null and void. The *procès verbal* of the sale of Doublin's estate, in which this mortgage is alleged to be retained, cannot have the effect, and be evidence of a conventional mortgage. A conventional mortgage can only exist by an authentic act, or act under private signature, &c., and there is no other

conventional mortgage except that which is expressly granted in writing made between the parties. *C. Code, art. 5, page* 452.

5. The judgment which Doublin's heirs obtained against their debtor, before proceeding on the mortgage against the third possessor, was null ; being given without reasons, and not signed by the judge. This was requisite under the former system, as well as now. As the law now stands, there cannot be a doubt, that judgment by default must not only be signed, but must also contain the reasons on which it was rendered. *Code of Practice, art.* 315.

6. The warrantor cannot be required to reimburse the purchaser the value of his improvements, when he is not called in warranty. It is clear, that if a proper defence had been made to the hypothecary action, the improvements would have been allowed out of the proceeds of the sale of the evicted premises. If Babin's heirs had chose to abandon the property without seizure, they would then have been entitled to demand of the person evicting them their improvements. 6 *La. Reports,* 739.

7. The plaintiffs have omitted to credit themselves for one thousand dollars, being the difference between the mortgaged debt and the price the property sold for. The debt was one thousand five hundred dollars, and price two thousand five hundred dollars. If the defendant is not entitled to a credit for this difference, he is certainly entitled to a credit for a part of it.

8. The defendant having shown the insufficiency of the judgment and mortgage in the hypothecary action, by which the plaintiffs were evicted, and which he could have shown, had he been properly called in warranty in that case, must now be forever discharged.

*Mathews, J.,* delivered the opinion of the court.

This suit was instituted in the court below, by the plaintiffs, as heirs of Charles Babin, against the defendant, the seller and warrantor of a certain tract of land, described in the petition, to their ancestor. The object of the suit, is to recover from the warrantor damages, on account of eviction,

from the property which was sold by him, in consequence of an hypothecary action, prosecuted against the vendor, based on a special mortgage, which had been retained in a sale made at auction, by the judge of the parish of Ascension, &c., at the instance of the heirs of a certain Nicholas Doublin, of whose succession this land made a part.

The sale made by the defendant in the present action, contains a clause of general warranty, and it is not pretended that he is not bound to make good the loss and damages suffered by the plaintiffs, in consequence of the alleged eviction, unless it be shown that they suffered themselves to be evicted without calling the vendor in warranty, and that he could have successfully resisted the claim of the plaintiffs, in the hypothecary action, by just and legal means of defence, subject to his power and control. In truth, these are the grounds of defence laid in his answer. Judgment was, however, rendered in the court below against him, from which he appealed.

Admitting the fact to be true, that the defendant in the present suit was not regularly called to warrant the title by him conveyed to the ancestor of the plaintiffs, in the hypothecary action, by which they were evicted, we are now compelled to consider the force and effect of the means of defence assumed, as if they had been pleaded in that action, *Civil Code, page* 356, *art.* 64. These are as specified and detailed by the counsel for the appellant, as follows: 1st. The act of sale from Doublin's heirs, on which the order of seizure and sale was granted, contains no mortgage. 2d. The note sued on, was not identified with the act of sale, &c. 3d. There is no final judgment against the principal debtor, &c. 4th. That offered in evidence in the present case, is without signature, without confirmation (being a judgment by default), and without reasons, therefore, utterly null and void. 5th. Prescription could have been successfully pleaded, &c.

The validity of these assumed grounds of defence must be tested by the law and facts of the case.

Let us examine them in the order placed by the appellant:

EASTERN DIST.
*December*, 1834.

BABIN ET AL.
*vs.*
WINCHESTER

The *procès verbal* of a sale, in which a mortgage is retained, made by the parish judge acting as auctioneer, and duly recorded in the parish judge's office, is full evidence of the mortgage, which is binding on third possessors of the mortgaged property.

The identification of the note sued on with a mortgage taken to secure its payment, may be shown by circumstantial and parole evidence, without the paraph *ne varietur.*

According to the rules of practice in force in 1816, which was before the adoption of the Code of Practice, a judgment by default became final, *ipso facto,* by the lapse of three days; and reasons are not necessary to the validity of such a judgment.

1. The evidence of the mortgage reserved by the heirs of Doublin, in the sale made by them at auction, appears by the *procès verbal* of the auctioneer, who exercised this function *ex officio*, as being parish judge, and is exhibited in this suit, purporting to be a copy from the records in his office as judge; appearing in this manner, it is evidence equally good, of the mortgage retained as of the sale, and if it transferred the property to the vendee (which is not denied), the transfer was made subject to the terms created by the hypothecation, and all being recorded in the office of the judge, the mortgage is binding on third possessors.

2. As to the identification of the note sued on, with the mortgage, admitting this to be absolutely necessary in all actions on mortgages, it is not required that this circumstance, which is merely accidental to the contract, should be made appear by the usual paraph, *ne varietur.* In the present case, a comparison of the date of the note with the sale, and the circumstance appearing that it was executed precisely in pursuance of the terms and conditions of the sale, both as to persons and time of payment, create a violent presumption in favor of its identity with the mortgage, which must stand until the contrary be proven, which has not been done in the present instance.

In relation to the third and fourth grounds of defence (for we will consider them together) it is true, that under the old Code, which governed when the proceedings took place, in the hypothecary action, to which the present contest refers, a creditor was bound, before seizing mortgaged property in the hands of a third possessor, to obtain a judgment against his debtor. And if it be true, as alleged, that no judgment was obtained in the instance now before the court, against the original debtor, the action of mortgage, properly so called, against the third possessor, might have been successfully opposed on this ground. But a judgment was obtained, and the question to be solved relates to its validity.

It is a judgment by default, and under the rules of practice, which were in force at the time it was entered, it became final, *ipso facto*, by the lapse of three days. We have, heretofore,

decided, that reasons are not necessary to the validity of such
a judgment.    4 *Martin*, 665.    7 *Ibid.* 440.

The question now occurs, whether a judgment, which
becomes final by lapse of time, ought to be considered as
available in favor of a mortgage creditor, in a pursuit for
payment of his debt, against a third possessor, when such
judgment has not been signed by the judge, in whose court it
may have been entered by default.   It has been decided in
several cases, that judgments rendered and pronounced by
the tribunals of the state, are not complete, in all respects,
until they are actually signed by the judges, who may have
pronounced them.  Until they are sanctioned by the signature
of the judge, a new trial may be rightfully claimed in the
court of the first instance, and an appeal taken to the Supreme
Court, within the delays limited, counting from the day of
actual signature.   3 *Martin*, 389, and 5 *Ibid. N. S.* 105. *Ibid.*
320.    The judgments in these cases, it is believed, were
pronounced by the judges, who presided at the hearings of
the causes and after *contestationes litium.*   We are not aware
that subsequent legislation has introduced any radical change
in the principles established by the act of the legislative
council, of the late territorial government of this country,
regulating the practice of the superior court of the territory
of Orleans, touching judgments taken by default, and
requiring the signature of the judge who renders a judgment ;
at least no change which can operate on the present question.
By the fourth section of that act, it is provided, that "if a
defendant shall not appear on the day given in the citation,
and file his answer, &c., then the petitioner or his counsel,
may order judgment to be entered up against such defendant,
and if they shall hold session three days after taking such
judgment, and no motion is made to set the same aside, upon
showing good cause, and to file an answer, or if such motion    A judgment by
be made and overruled, then the said judgment shall be final, default,  which
becomes final by
&c."   In all this proceeding, no direct agency of the court is operation of law,
required, and the judgment becomes final by the operation of does not require
the signature of
the law, and it would follow as a corollary, that such a judg- the judge to ren-
der it perfect and
ment does not require the signature of the judge, in order to final.

EASTERN DIST.
December, 1834.

BABIN ET AL.
vs.
WINCHESTER.

render it perfect and final. But the 13th section of the same act requires, " that all judgments rendered by said court, shall be pronounced in open court, be entered on the minutes of the court by the clerk, and shall, three days thereafter, if *not set aside by the court, on motion for a new trial, be signed by the presiding judge of the court.*" This section, by its terms, most clearly relates to judgments, *rendered and pronounced by the court* after trial, and can only, on a forced construction, be made applicable to judgments by default, which become complete and final, by mere operation of law. According to this interpretation, the signature of the judge, to a judgment of the latter kind, is no more requisite to its validity, than that reasons should be adduced in support of it, and it has already been decided by this court, that reasons need not be assigned in a judgment which becomes final by lapse of time and operation of law, on one taken by default.

Thus we are brought to the plea of prescription. It is clear, that it is not available as a defence to the present action, as introduced in the points of the appellee. The suit in warranty was commenced in 1830, and the eviction complained of did not take place until 1826. Neither could it have been effectually opposed to the mortgage creditors, in their action of mortgage ; for their right to sue did not accrue until 1815, and they commenced the hypothecary action, properly so called, in 1824 ; so that only nine years had elapsed between the time when they had a right to commence it and the time when they did commence that proceeding.

The last objection to the justice and legality of the judgment rendered in the court below, has reference to the damages allowed to the plaintiffs. It is said that they are not authorised, either by the facts or law of the case. As to the matter of fact, it suffices to observe, that there is evidence on record, proving that the third possessor, who was evicted, had made improvements on the premises to the value of one thousand dollars at least, and this amount only is awarded. As to the law on this subject, it appears by the art. 2485 of the *La. Code,* that the seller or warrantor is bound to reim-

*In an action of warranty, prescription only runs from the date of eviction. If the action is commenced within ten years, it is in time to prevent prescription.*

*The action of mortgage is not barred by prescription when commenced within ten years from the time when the debt became due and payable.*

*The third possessor, who is evicted, is entitled to recover of his vendor and warrantor the value of his improvements put on the evicted premises at the period of eviction.*

burse, or to cause to be reimbursed to the purchaser, by the person who evicts him, all useful improvements made by him on the premises. This article is in accordance with the provisions of the old Civil Code, and conforms to the doctrine taught on this subject, by Pothier, in his treatise on sales. *Contrat de Vente, nos.* 132 *and sequentes.* In case of eviction, consequent on a mortgage, it is possible, that these rules may not strictly apply. In the present case, however, nothing appears to show any injustice in their application.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.