JOHN T. FAULK, Administrator of the Succession of Vincey Martin, *v.* JAMES PINNELL.

The *procès-verbal* of the adjudication of property sold by a Court of Probates is evidence of the sale, and no act under the signatures of the parties, is necessary to perfect it.

The *procès-verbal* of a sale, made by a Parish Judge, by which a mortgage is retained and duly recorded, is full evidence of the mortgage, except for the issuing of executory process. For this purpose, and to give to the evidence that authenticity required by law, it must be shown, that the *procès-verbal* was signed by the Judge in the presence of two witnesses, and that the note, identified with the mortgage by the *paraph* of the notary, was signed by the party. C. P. 733.

APPEAL from the District Court of Ouachita, *Willson, J.*

SIMON, J. The defendant is appellant from an order of seizure and sale, granted on the application of the plaintiff, on his filing, with his petition, a copy of a *procès-verbal* of sale, made by the Judge of the Court of Probates of the parish of Ouachita, accompanied by a note of hand, subscribed by the defendant, and signed " *ne varietur,*" by the Probate Judge.

Among the errors assigned by the appellant, as apparent on the face of the record, it is stated, that the *procès-verbal,* on which the order of seizure and sale was granted, is not signed by the purchaser, nor by two witnesses, so as to make it authentic evidence, of the character amounting to a confession of judgment, necessary to obtain the order complained of.

The *procès-verbal* of adjudication, annexed to the plaintiff's petition, is only signed by the Parish Judge ; and although this court has several times held, that the *procès-verbal* of the adjudication of property sold by the Court of Probates, is evidence of the sale, and that no act under the signatures of the parties, is necessary to perfect it, (5 Mart. 372,) and that the *procès-verbal* of a sale, made by the Parish Judge, in which a mortgage is retained, and duly recorded, is full evidence of the mortgage ; (7 La. 460 ;) still such evidence, for the purpose for which it was used, in our opinion, must be of the nature required by law, for the issuing of executory process thereon ; as, if it were of a different character, it would not import a confession of judgment. Code of Practice, art. 733.

Faulk, Administrator, v. Pinnell.

We must not be understood, however, as intimating that an order of seizure and sale cannot be granted and sued out, on the production of a regular *procès-verbal* of the sale, and of the note identified with it, by being paraphed, " *ne varietur*," by the Probate Judge, when it is shown, that such *procès-verbal* of sale, was signed by the Judge in the presence of two witnesses. The presence of the witnesses to the act, and the signature of the party to the note identified with it, give to the evidence, that character of authenticity, which is the principal legal requisite for the taking out of an order of seizure and sale. Civil Code, art. 223. That authenticity must exist, and cannot be dispensed with, and this is clearly the purport of our decision in the case of *Gorton* v. *Gorton's Administrator*, 7 La. 478. In that case, the evidence was considered as authentic, and we may perhaps presume, that it was clothed with the necessary formalities to make it so ; that is to say, that the *procès-verbal* of the sale, was passed and signed by the Judge, in the presence of two witnesses ; and the note which accompanied such *procès-verbal*, being identified therewith, was considered as a part of the instrument. Here, the absence of the witnesses to the *procès-verbal*, is a fatal objection, which we cannot get over without violating a positive provision of our laws ; and, we think, that the order of seizure and sale appealed from, ought not to have been granted.

The decision of this question, makes it useless to notice the other errors assigned by the appellant.

It is, therefore, ordered, that the order of seizure and sale appealed from, be annulled and avoided ; the appellee paying the costs in both courts.

*M'Guire* and *Ray*, for the plaintiff, cited 5 Mart. 381. 7 La. 460.

*Copley* and *Garrett*, for the appellant, referred to the Code of Practice, arts. 733, 734. Civil Code, arts. 2231, 2232. 1 Mart. N. S. 237. 6 Ib. 466, 531. 4 La. 322, 6 Ib. 66. 1 Robinson, 408.