HOOK *vs.* RICHARDSON.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF OUACHITA.

Where heirs come in and contest the right to accept the succession of the deceased husband with his wife, who is administering it as curatrix, and claims to be continued to the end of the year, if she takes a suspensive appeal from the decision of the court allowing the claim of the heirs, they cannot, while this appeal is pending, apply and obtain the administration of the succession.

The 580th article of the Code of Practice, applies to cases where a contest exists in the first instance in relation to an appointment, so that a vacant estate is not to be without a curator, a minor without a tutor, and the bankrupt's estate without a syndic, and not to cases where an appointment has been already made and is claimed by another.

The plaintiff claims, as the mother and in behalf of the other collateral heirs (all recognised as the heirs of the late Charles F. Morehouse, deceased), the administration of his succession, which she alleges has been accepted by all the heirs, with the benefit of inventory.

The defendant is the wife of C. F. Morehouse, and is in possession of the estate, and was so left at the death of her husband. She has accepted the community of acquests and gains with the benefit of inventory. She opposes the application of Mrs. Hook, the mother, on the ground that the latter has not established herself as beneficiary heir; that she is herself entitled to the administration of her husband's succession in preference to any other person. She prays to be appointed administratrix. The plaintiff obtained the administration and the defendant appealed.

*Boyce,* for plaintiff:

The defendant was improperly put in possession of the estate of her deceased husband as curatrix, when all the heirs were present, claiming the succession.

*Winn*, for defendant:

1. There are other facts in this case. The defendant is the widow of Morehouse and had an interest in the succession. She is entitled to half the community of acquests and gains, and to that part of the capital which she put in. *Code of Practice*, 1001—3.

2. The defendant is further entitled to the administration, because she is in possession and has an interest in the crop that is growing, and the care of the estate of which she is a part owner.

*R. C. Scott*, on same side, contended:

That the Probate Court further erred in decreeing possession to the heirs at the defendant's costs. It should have been done at the costs of the succession.

*Boyce*, in reply:

1. The defendant was called upon to render an account for the short time she had been in possession as curatrix, which she refused. It had to be done contradictorily, and at her cost.

2. The heirs have the preference over the widow in the administration of estates; the widow over creditors, &c. *L. Code*, 1114, 1035.

[N. B. This and the two following cases were argued together and submitted at the same time to the court.]

PORTER, J., delivered the opinion of the court.

After the decision of the Probate Court in the case of Hook and others against the defendant, by which the heirs of the husband were allowed to accept his succession, with the benefit of an inventory, and the defendant ordered to account

with them, the plaintiff applied to the Court of Probates to be appointed administratrix of the estate. This demand was resisted by the defendant, who claimed the right to be continued in the administration until the end of the year. The court sustained the application, and the defendant appealed.

A suspensive appeal had been taken from the judgement in the case admitting the heirs. The defendant giving bond in the penal sum of thirty thousand dollars. Whilst that appeal was pending and undecided the court erred in appointing the plaintiff as administratrix; its effect was to open the judgement from which it was taken, and to leave the party against whom it was rendered, curatrix of the estate with the same rights she had before it was pronounced. Consequently, while she was curatrix no new administrator could be appointed.

It has been contended that this case comes within the 580th article of the Code of Practice, which provides for the provisional execution of certain judgements, though appeal be taken and surety given. The cases contemplated by that article we understand to be those where a contest exists in the first instance in relation to an appointment. If the judgement were not provisionally executed the succession would be without a curator, the minor without a tutor, and the bankrupt's estate without a syndic. The law supposes injury to result from the want of a representative to persons or estates so situated, while the appeal is pending, and has, therefore, made an exception to the general rule in relation to them. But the reasons on which these exceptions were introduced into our practice, do not apply where the suit is not alone in relation to the appointment, but to the renewal of one of these officers already appointed. The estate is not without a representative, and the bond suspending the execution, indemnifies the estate from any loss it may sustain; the language of the article already cited, supports this construction, and is in accordance with what we conceive to be its spirit and intention. It speaks of, and provides for cases, where the nomination of tutors and curators, and appoint-

WESTERN DIS. October, 1832.

HOOK
vs.
RICHARDSON.

Where heirs come in and contest the right to accept the succession of the deceased husband with his wife who is administering it as curatrix, and claims to be continued to the end of the year; if she takes a suspensive appeal from the decision of the court allowing the claim of the heirs, they cannot, while this appeal is pending, apply and obtain the administration of the succession.

The 580th article of the Code of Practice applies to cases where a contest exists in the first instance in relation to an appointment, so that a vacant estate is not to be without a curator, a minor without a tutor, bankrupt's estate without a syndic, and not to cases where an appointment has been already made and is claimed by another.

Western Dis
October, 1832.

ment of syndics, is in contest. An enactment so worded, cannot, on the true principles of construction, be extended to cases, where, though there be a nomination, there is also a renewal, more particularly where the latter is without the mischief the legislature intended to guard against.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Probate Court be reversed, the plaintiff paying costs in both courts.