FASTIN
*vs.*
EASTIN'S HEIRS.

FASTIN *vs.* EASTIN'S HEIRS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
OF THE SEVENTH PRESIDING.

Where the fairness of a judgment of separation of property, obtained by
the wife against her husband, is put at issue, and the jury find in support
of it, their finding will not be disregarded, even where the evidence
appears doubtful in relation to the *amount* for which it was rendered.

Parole evidence is admissible to show the amount of property brought into
marriage by the wife, even when the witnesses speak of written evidence
existing in relation to it, if they derived their knowledge of this fact from
hearsay.

If the legal mortgage of the wife attach to property before the sale, the
court will give effect to it on the property in the hands of the vendee.

This is a suit instituted by the plaintiff against the widow
and heirs of the late Herbert Eastin to enforce a judgment
which she had previously obtained against her husband for
one thousand and fifty dollars, the value of her dotal and para-
phernal effects, against certain property or its proceeds which
she alleges her said husband fraudulently sold to said Eastin
in his life time. She alleges that shortly before she obtained
her judgment against her husband, with a view to defraud
her, he sold and transferred to said Eastin, eight negroes and
a tract of land ; which said sale she alleges is fraudulent
and without consideration, and was intended to cover said
property from her husband's creditors ; that said land and
four of said slaves are now in the possession of the defendant,
as administratrix of said Eastin's estate and of the beneficiary
heirs, and are subject to her legal mortgage. She prays
that the sale to Eastin by her husband be annulled, as sim-
ulated and made without consideration, and that the property
be sold to satisfy her demand.

The defendants pleaded a general denial ; and that the
judgment which the plaintiff sets up as the basis of her

demand was obtained through fraud and collusion with her
said husband.    They further aver that Eastin was the own-
er of all the property of which he died possessed, the most of
which has been sold by order of the Court of Probates: They
pray that the plaintiff's demand be rejected with costs.

E. Simon intervened and joined the petitioner, and claim-
ed the sum of three hundred and fifty dollars, with interest,
and judicial mortgage from the husband of the plaintiff,
which he prayed might be enforced against the proceeds of
the property, stated in the plaintiff's petition to have been
fraudulently sold.

The plaintiff offered the record of her judgment against
her husband as evidence of her demand, which operated as
a legal mortgage on all his property, from the 27th April,
1827.

The sale from the husband to Eastin of the property in
question, dated the 11th February, 1832, was also produced
in evidence.    It was made for the consideration of ten hun-
dred and ninety-two dollars only ; the tract of land and six
of the slaves, being at the time the subject of a lawsuit
between the said husband and other persons, which was
ceded to Eastin, and the property soon after recovered.

The cause was submitted to a jury, who found a verdict
for the plaintiff, allowing her all she claimed, and also for
the intervenor ; and also annulling the sale to Eastin, as
made in fraud of their rights : Judgment was rendered
confirming the verdict and ordering the payment of said
demands out of the proceeds of the sales of said property in
the hands of the administratrix.    The defendants appealed.

*C. Voorhies*, for plaintiff.

1. The judgment of the plaintiff against her husband,
unless obtained through fraud and collusion, is *primâ facie*
evidence, in this suit, of the debt due to her.    8 *Martin, N.
S.*, 401, 403, 459.    1 *Martin N. S.*, 1.

2. The judgment of the plaintiff against her husband was
not obtained through fraud and collusion.    The suit she
instituted against him was ably defended by learned counsel

in the law, who made use of all legal means to defeat her claim. An intelligent jury, by their verdict, have negatived the idea of the existence of any fraud and collusion, and their verdict, unless clearly erroneous in law or manifestly contrary to, or without legal evidence, is entitled to great weight, and ought not to be disturbed. 7 *Louisiana Reports*, 71, 198, 265 *and* 113. 3 *Louisiana Reports*, 529.

3. This court cannot inquire into the correctness of the judgment of the District Court, because no appeal is taken from the judgment in favor of Edward Simon, Esq., the intervenor, which declares the sale from Francois B. Labauve to H. Eastin, to be null and void, on the plea of simulation and fraud ; and until that judgment be reversed, the property belongs to the creditors of the said Labauve, and the appellants cannot hinder the plaintiff from having it discussed, or its proceeds, to satisfy her judgment. *Louisiana Code, article* 1976, 1977. 4 *Martin, N. S.*, 147. 9 *Louisiana Reports*, 473. How could this court declare the sale to be good as against the appellee, whilst the same should be annulled with regard to the intervenor ?

4. Independent of the judgment in favor of the plaintiff against her husband, and the evidence excepted to by the appellants, she has clearly established her demand by legal evidence.

*Crow*, for defendants.

1. The judgment of the wife against her husband may be impeached by his creditors; and in an hypothecary action against third persons, if fraud be alleged, the burden of proof rests on her to show that her claim is genuine. 8 *Martin, N. S.*, 459. 4 *Louisiana Reports*, 422.

2. Parole testimony will not be received, showing the amount of property brought in marriage by the wife, when the witnesses declare the fact, of the existence of evidence of a higher character. 8 *Martin, N. S.*, 459.

3. Conversations and admissions made by husband and wife, do not make evidence against strangers or third persons. *Louisiana Code*, 2260.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff, in this case, having obtained judgment of separation of property from her husband and recovered the sum of about one thousand dollars for the amount of her paraphernal property, caused an execution to issue, which was returned *nulla bona.* She then instituted the present action against the widow and heirs of Herbert Eastin, in order to annul, so far as it relates to her claim, a sale made by her husband to Eastin, in his life time, of certain lands and slaves, which sale she alleges was in fraud of her rights, and she prays that at all events she may be declared to have a legal mortgage on the property thus alienated to secure the payment of her claim against her husband.

Another creditor of the husband intervened, but as he is not made a party to the appeal, that part of the case requires no further notice. The defendants denied the important allegations in the petition, and further set forth, that they are the widow and heirs of Eastin under benefit of inventory, that all the property of the estate had been sold except two slaves, who had been taken possession of by the plaintiff, and they pray judgment against her for their restitution. They further allege that the sale to their ancestor was valid, and aver that the judgment of the plaintiff against her husband was obtained through fraud. The plaintiff then amended her petition, claiming to be paid the amount of her judgment by preference out of the price for which the slaves in dispute had been sold subsequently to the inception of this suit. The claim in reconvention appears to have been abandoned.

The questions thus raised were submitted to a jury, whose verdict being in favor of the plaintiff, the court decreed that the defendants should satisfy the judgment of the plaintiff against her husband out of the proceeds of the property in their hands, and recognized the validity of her legal mortgage on said property. The defendants appealed.

The defendants rely mainly on the principles established in 8 *Martin, N. S.,* 459, *and* 4 *Louisiana Reports,* 422, and contend that a judgment obtained by the wife against her husband may be impeached by the creditors; and that in an

Where the fairness of a judgment of separation of property, obtained by the wife against her husband, is put at issue, and the jury find in support of it, their finding will not be disregarded, even where the evidence appears doubtful in relation to the amount for which it was rendered.

Parole evidence is admissible to show the amount of property brought into marriage by the wife, even when the witnesses speak of written evidence existing in relation to it, if they derived their knowledge of this fact from hearsay.

If the legal mortgage of the wife attach to property before the sale, the court will give effect to it on the property in the hands of the vendee.

hypothecary action against third possessors, if fraud be alleged, the burden rests on her to show the genuineness of her claim.

The fairness of the judgment first obtained by the plaintiff against her husband was put in issue in this case, and the jury found in support of it. The evidence in the record shows that she did bring some property into the marriage, consisting of horses, horned cattle, and furniture. Whether it was worth one thousand and fifty dollars or less is left perhaps doubtful, because the value of the different articles is not detailed. But the jury appears to have been satisfied that the first judgment was fair, and we are not enabled to correct their finding.

Some of the evidence upon which the jury came to that result was objected to, and a bill of exceptions was taken. It is contended that parole evidence was inadmissible to show the amount of property brought into marriage, where the witnesses declared that there was evidence of a higher character. We do not find it positively proved that there was a written memorandum or inventory taken at the time of the marriage. The supposed existence of such a document rests mainly on hearsay, and as the property consisted of moveables, except a tract of land not now in controversy, we think the court did not err in admitting the evidence.

Whether the sale from Labauve to Eastin was *bonâ fide*, or intended merely to secure the latter the payment of a debt due him by the vendor, does not appear to us material in this case. The legal mortgage of the wife appears to have attached before the sale, and as the judgment of the District Court merely gives effect to her mortgage, we are not satisfied that it was erroneous.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court be affirmed, with costs.