WESTERN DIST.
September, 1836.

PAIN
vs.
PERRET.

---

PAIN *vs.* PERRET.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

The wife *can* avail herself of her legal mortgage on property of her husband, situated in a parish where no record of it was ever made.

The rights of the wife relating to her dotal and *paraphernal* property, stand upon the same footing as regards recording the evidence of them. Her legal mortgage attaches in both cases, without being recorded.

This suit was instituted by Madame Française Pain, wife of Ursin Perret, against her said husband, for a separation of property, and to enforce her legal mortgage for the restitution of her paraphernal property.

The plaintiff alleges she intermarried with the defendant, in the parish of St. Jean Baptiste, in 1816, and was the owner at the time, of a plantation, slaves, &c., valued at sixty-two thousand eight hundred and forty-seven dollars ; that the next year the plantation was sold for the sum of thirty-five thousand dollars, which was received by her

husband. That since their marriage the husband has sold slaves and other property of hers, which with the plantation amounts to forty-one thousand seven hundred and fifty-seven dollars.

They subsequently moved to the parish of St. Mary, where her husband purchased the plantation on which they now reside, and removed her slaves and placed them thereon, to the number of thirty-six. These belong to her by right of inheritance from her father and mother.

She further shows that her husband is much embarrassed; that several suits have been commenced against him, and she is apprehensive her paraphernal rights and effects will be endangered, unless she is permitted to institute suit for a separation, and for the separate administration of her own property.

She prays for leave to institute this suit, and that she have judgment for the sum of forty-one thousand seven hundred and fifty-seven dollars, or such sum as may be ascertained to be due to her; that the negroes on the plantation of her husband be declared to be her separate property; and that she be allowed a legal mortgage on all the property and effects of her husband, for the restitution of her paraphernal effects, in preference to his other creditors; and that she have judgment for a final separation of property, with the entire control and management of it, without the interference of her husband.

The defendant pleaded the general issue, and put the plaintiff on strict proof of her demand.

Chalaron, and other creditors of the husband, intervened and made opposition to the claims of the wife, and averred that they were unfounded. They specially denied that she had any right of mortgage on her husband's property, as none had been recorded in the parish where the parties resided. They pray that her demand be rejected, &c.

Upon these pleadings and issues the case was tried before the court alone.

The plaintiff supported her several demands by evidence, showing the amount of her property sold at different times by her husband.

The evidence also showed that the parties were married, and the wife's property consisting of a plantation and slaves, inherited in the parish of St. Jean Baptiste. That the husband sold the landed estate, and removed the slaves to a sugar plantation, which he purchased in the parish of St. Mary. There was no record of any mortgage or instrument importing a mortgage in favor of the wife, recorded in the latter parish.

The plaintiff had judgment for the sum of forty thousand one hundred and ten dollars, with a legal mortgage to secure the payment of thirty-five thousand six hundred dollars, from the time when the husband received the proceeds of the plantation and other articles sold by him. This mortgage covered all the immoveable property of the husband; she was decreed to be the owner of the slaves in question, and to be separated in property and have the entire management of her own offects. The intervening creditors appealed.

*Brownson* and *Lewis* for the plaintiff, contended that it was unnecessary to record the mortgage of the wife, given for the security of her paraphernal rights and effects ; that there was no law requiring it to be recorded, even to have effect against third persons and creditors of the husband. This mortgage is declared to exist by operation of law, and grows out of the *act* done by the husband, and not an instrument of writing. The former cannot be recorded while the latter can. 3 *Martin, N. S.*, 239. 6 *ibid.* 544. 7 *ibid.* 69. 9 *Louisiana Reports*, 71.

2. The provisions of the Louisiana Code, relating to this subject, evidently contemplate the recording of acts which are in writing, and expressly excepts *dower*, which is constituted as such in an authentic act. These from their nature are susceptible of being recorded. The dowry act is excepted, no doubt, to give an additional privilege to the wife over other persons, whose mortgages are susceptible of being recorded. See *Louisiana Code, article* 3297–8.

*Simon*, for the intervening creditors.

*Martin, J.*, delivered the opinion of the court.

This is an action for a separation of property by the wife against her husband. Several creditors of the husband and defendant, intervened in the suit who oppose the plaintiff's demand, and are appellants from the judgment of separation of property obtained by the wife against her husband.

The only question which the case presents, is, whether the wife can avail herself of her legal mortgage on property situated in a parish where no record of it was ever made?

The Louisiana Code, article 3298, which dispenses with the recording of mortgages resulting from the dotal rights of the wife, does not *expressly* dispense with the recording of mortgages resulting from paraphernal rights. It is difficult to discover any difference between the claim of the wife resulting from these two different sources, and to say why the indulgence shown to her by the law, in regard to her dotal property, should not be extended to her in case of the paraphernal. The maxim *ubi eadem est ratio eadem est lex*, would lead to the conclusion that no difference exists. Dotal rights necessarily resulting from an authentic act are always susceptible of being recorded. Paraphernal rights are hardly ever so. The husband often receives money produced by the use or sale of the paraphernal property, without this circumstance coming to the knowledge of the wife; and when it does, it is never, or seldom, that she is in possession of the documents, which are the evidence of her claim against him. The law never requires what is vain or impossible. We therefore, conclude, that the rights of the wife relating to her dotal and paraphernal property, stand on the same footing as regards the recording the evidence of them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

WESTERN DIST.
*September*, 1836.

PAIN
*vs.*
PERRET.

The wife can avail herself of her legal mortgage on property of her husband, situated in a parish where no record of it was ever made.

The rights of the wife relating to her dotal and *paraphernal* property, stand upon the same footing as regards recording the evidence of them. Her legal mortgage attaches in both cases without being recorded.