CELINA JOHNSON *v.* FREDERICK PILSTER.

Art. 2367 of the Civil Code, after providing a legal mortgage in favor of the wife on all the property of the husband, for the reimbursement of her paraphernal property, where the husband has received the price of it, declares that she shall have a similar mortgage in case he should have disposed of her paraphernal property, in any other way, for his individual interest. The words " *or otherwise disposed of the same* " in that article refer to the paraphernal property itself, and not to its proceeds. The wife has a legal mortgage, for the reimbursement of her paraphernal funds, if the husband applies them to his own use, from whatever source he may have received them.

The effect of the renunciation of the community of *acquêts* by a wife, is to place the husband and wife in the same situation as if no community had ever existed between them; and all property, purchased during the marriage, will be considered as having been made on the husband's account, as much so as if made before the marriage.

The wife's mortgage for the reimbursement of her paraphernal property, attaches as completely to property acquired by the husband, during coverture, as to that he possessed before; nor can it be inferred from the right given to him, as head of the community, to sell its effects without the consent of the wife, that, when he exercises that right, the property alienated is relieved from her mortgage. Like all other general mortgages, the wife's follows the property into the hands of the purchaser, but can only be enforced after discussing that remaining in the possession of the husband.

Art. 2367 of the Civil Code granting the wife a mortgage on all the property of her husband, for the reimbursement of her paraphernal property, where the amount has been received by the husband, or where it has been otherwise disposed of for his benefit, is not repealed by art. 3281 or 3317.

Prior laws are repealed by subsequent ones, only in case of positive enactment, or

---

* There seems to have been an error in the subtraction; the amount due would be $540 76.                                                                          R.

clear repugnancy between their provisions. This rule established in relation to laws enacted at different periods, applies with greater force to the several parts of a code adopted about the same time.

The mortgage of the wife on the property of her husband for her dotal and parapher-nal rights, exists without being recorded.

APPEAL from the District Court of the First District, *Bucha-nan*, J. This was an action by Celina Johnson, the wife, sepa-rated *a mensa et thoro*, of Henry A. Johnson, to enforce a le-gal mortgage for the restitution of paraphernal property, on a slave alienated by the latter a short time before the judgment of separation. The evidence established the marriage of the plain-tiff; the separation from bed and board by a judgment of the proper tribunals ; the amount originally due from the husband for her paraphernal property, and the balance still due after the sale of his property ; the renunciation of the community by the wife ; the sale of the slave, and the regular notice to the defend-ant. There was judgment below in favor of the defendant. The plaintiff has appealed.

*C. Janin*, for the appellant. This action is founded on arts. 2367, 3305, 3310 of the Civil Code. The judge below erred in supposing that the mortgage given by art. 2367 of the Civil Code is limited to cases in which the property has been alienated by the wife, and the proceeds have been received by the husband, or have been disposed of for his benefit. See *Eastin* v. *Eastin's Heirs*, 10 La. 197. *St. Martin* v. *His Creditors*, 15 Ib. 419. It specifies two cases in which the wife shall be entitled to a mort-gage : the *first*, where the husband has received the price of par-aphernal property alienated by the wife ; the *second*, where he has otherwise disposed of such property for his individual inter-est. The error of the judge consisted in interpreting the words "*or otherwise disposed of the same*," in art. 2367, as having re-ference to "the amount of the paraphernal property alienated by the wife," and not to "the paraphernal property" itself, whether alienated by her or not. The interpretation of the court below, would render the words "*or otherwise disposed of the same for his individual interest*," nugatory. The construction for which the appellant contends is confirmed by the provisions of the same code, arts. 3305, 3310. Art. 2362 provides, that "the parapher-

Johnson v. Pilster.

nal property, which is not administered by the wife separately and alone, is considered to be under the management of the husband." Art. 2367, provides that "should it be proved that the husband has received the amount of the paraphernal property alienated by his wife, or otherwise disposed of the same for his individual interest, the wife shall have a legal mortgage on all the property of her husband for the reimbursing of the same." And art. 3310 speaks of the general mortgage of the wife on all the immovables and slaves of the husband, " on account of the dower, *and other claims enjoying the same rights.*" The provisions of the Code of 1808, (art. 62, p. 335,) are similar to those of the present Code. By the laws of Spain the wife also held a mortgage for her paraphernal property. Febrero, liv. 1, tit. 2, chap. 6, No. 2. 4 Partida, loi 17, tit. 2. So among the Romans. Domat, l. 1, tit. 9, sect. 5, Nos. 5 & 6. Code, De Jure Dotium, loi. 29. Troplong, Priviléges et Hypoth. comm. sur. l'art. 2121. So by the French Customary Law. Pothier, De la Puissance du Mari sur la personne et les biens de sa femme. No. 81. Ib. De L'Hypothèque, art. 3, chap. 1. Ib. De la communauté, Nos. 610, 611, 763, 764, 765. And under the Code Napoléon, Rogron, art. 2135. Troplong, Des Priv. et Hypoth., comm. sur l'art. 2121.

The wife's mortgage secured by art. 2367, is not repealed, as intimated by the judge below, by arts. 3281 and 3317, any more than that of particular legatees, under art. 1627, or that of the lessor under art. 2762. See *Pain* v. *Perret*, 10 La. 303.

*Preston*, for the defendant. The property for which the plaintiff obtained judgment against her husband, was paraphernal or extra-dotal. Civil Code, art. 2360. She had a right to administer it herself. Ib. arts. 2361, 2367 ; and to sue for it during marriage. Ib. art. 2368. Dotal property is entirely different. Ib. arts. 2317 to 2320. She had a legal mortgage to secure her dotal property. Ib. arts. 2357, 3287. But neither of these articles gives her a legal mortgage to secure her extra-dotal property ; and a mortgage can only exist when authorized by law. Ib. art. 3250. There is no other evidence that Johnson owned the slave, but the sale. Is this sufficient ? If so, it can only prove that the slave belonged to the community of *acquêts* between himself and his wife. Ib. art. 2374. He was authorized, as head of the com-

munity, to alienate the common property during the existence of the community, without the consent of the wife, and, of course, to alienate it free from any mortgage in her favor. Ib. art. 2373. The decisions of this court, heretofore made, were under arts. 61, 62, p. 334, of the Code of 1808, which have been changed by art. 2367 of the present Code. Under the latter it must be proved, that the husband alienated paraphernal property, and disposed of it for his individual interest, in order to give the wife a legal mortgage ; and even then, the mortgage is on the husband's property, not on that of the community, alienated by him during its continuance.

*L. Janin,* in reply. The alienation by the husband is sufficient proof of the property in the slave. One who claims a mortgage on property sold by his debtor, is only bound to prove that the mortgage affected the property before it was sold by the debtor. The purchaser cannot contest the title of his vendor, without impugning his own. In the case of *Eastin* v. *Eastin's Heirs,* the court declared, that it would give effect to the wife's mortgage on property in the possession of the vendee of her husband. Community property, as well as that of the husband alone, is subject to the wife's mortgage. *Cassou* v. *Blanque,* 3 Mart. 390. See *The Planters Bank et al.* v. *Lanusse et al.* 12 Ib. 157, as to art. 90, p. 342 of the Code of 1808, re-enacted in art. 2404 of the present Code. By not accepting the community, within the delay fixed, the wife is presumed to have renounced it. Civil Code, art. 2389.

MORPHY, J. The petitioner, separated in bed and board from her husband, Henry A. Johnson, seeks to enforce her legal mortgage on a slave named Hannah, sold by him, and now in the possession of the defendant. The facts of the case, about which there is no dispute, are ; that a few months after the marriage of the plaintiff, in August, 1832, her husband received from one Jacques Blanchard, a sum of three thousand dollars, due to her from the estate of her father, Pierre Allain, and for which her mother and tutrix, the wife of Blanchard, was accountable to her ; that the three thousand dollars were paid in sugar and molasses delivered to Johnson, on which he realized a profit of seven hundred dollars, by selling those articles in Natchez ; that, in

May, 1838, the plaintiff obtained, against her husband, a judgment of separation, liquidating her rights at $3000, which judgment was partially satisfied by the seizure and sale of her husband's property, leaving yet due to her a balance of $1690 70; and that prior to such judgment, to wit, on the 30th of November, 1837, Johnson had sold the slave in question to one Wagner, who afterwards sold her to the present defendant. There was a judgment below in favor of the latter, and the plaintiff has appealed.

The judge of the inferior court has given to article 2367 of the Civil Code a construction to which we cannot assent. The article reads thus: " The wife may alienate her paraphernal property with the authorization of her husband, or, in case of refusal or absence 'of the husband, with the authorization of the judge; but, should it be proved that the husband has received the amount of the paraphernal property thus alienated by his wife, or otherwise disposed of the same for his individual interest, the wife shall have a legal mortgage on all the property of her husband for the reimbursing of the same."

The judge below was of opinion that this article gives to the wife a legal mortgage only when there is a sale of her paraphernal property, and her husband receives the proceeds or disposes of such proceeds for his individual interest; but that for all sums of money or property received or used by him, where there has been no sale of her property, she has no legal mortgage on his property. The error committed by the judge in construing the article under consideration consists, we apprehend, in applying the second member of the sentence, " *or otherwise disposed of the same for his individual interest*" to the *proceeds* of the paraphernal property sold, while it relates, in our opinion, to the paraphernal property itself, where it is disposed of otherwise than by a sale. If the construction of the judge were correct, the second part of the provision would be mere surplusage, which might be left out without injury to the wife, as her mortgage attaches the moment her husband receives the proceeds of the property sold, and he cannot dispose of such proceeds without first receiving them directly or indirectly. From the words of the article, it is clear to our minds, that after providing in favor of

the wife a legal mortgage for the more ordinary case in which her husband receives the price of her paraphernal property, the law intended to give her the same security in case the husband should dispose of her paraphernal property in any other way for his individual interest. This construction gives effect to every part of the article, and is more consonant to reason and justice, as we can see no good ground for the distinction made by the judge. From whatever source the husband receives the paraphernal funds of the wife, if he applies them to his own use, the law accords to her a legal mortgage for the reimbursement of the same. 4 La. 565. 10 La. 198, 303. 11 La. 280. 15 Ib. 420.

The appellee's counsel has contended, that the legal mortgage given by article 2367, exists only on the property of the husband, and not on that of the community; that as there is no evidence of title to the slave in Johnson, except that he sold her, such slave must be presumed to have belonged to the community; that the husband was by law authorized to alienate the common property, without the consent of the wife, and that, therefore, he sold the slave free from her mortgage. The question raised by this argument has nothing in it either new or embarrassing. When the wife renounces the community of gains and *acquêts* (and she is presumed to have renounced, when, after obtaining a separation from bed and board, she does not accept it within the delay fixed by law,) all purchases of property made during the marriage remain for the account of the husband alone, as much so as if he had made them before the marriage. The effect of the renunciation is to place the husband and wife in the situation they would be in, had no community ever existed between them. The wife's mortgage attaches, therefore, as completely to the property he acquires during coverture, as to that he possessed before. From the right given to the husband, as head of the community, to sell its effects, without the consent of the wife, it cannot be inferred that when he exercises that right, the property is relieved from her mortgage. If such were the case, the legal mortgage given to the wife would be nugatory. As we said in the case of *Cassou* v. *Blanque*, (3 Mart. 390,) " a lien to be extinguished by the alienation of the property, would be no lien at all." Like all other general mortgages, the wife's mortgage

follows the property in the hands of the purchasers, but can be enforced upon it only after discussing the property remaining in the possession of the husband. Civil Code, arts. 2379 to 2389. 12 Mart. 163. 7 Mart. N. S. 68. 10 La. 198. 2 Troplong, Priv. et Hypoth. No. 433, *ter*.

The District Judge has expressed a doubt whether article 2367, which accords a legal mortgage to the wife for her paraphernal property, is not itself repealed by articles 3281 and 3317. There is, in our opinion, no room for such a doubt. It is true that article 3281 provides, that the rights and credits for which a legal mortgage is given are those enumerated in the following articles, and that among them is not to be found the claim of the wife for her paraphernal effects ; but article 3280, immediately preceding, provides, that no legal mortgage shall exist, except in the cases determined by the Code, thus embracing and acknowledging all mortgages to be found in every part of it. From this latter provision it is clear that mortgages, expressly given in other parts of the Code, are not to be considered as repealed, because they happen to be left out of the enumeration made immediately after, and which is not in restrictive terms. The wife's mortgage for her paraphernal property is not the only one omitted ; there are other legal mortgages which have not been mentioned. Civil Code, arts. 1627, 2762. Prior laws are not repealed by subsequent ones, unless by positive enactment, or a clear repugnancy in their respective provisions. If such be the rule in relation to laws enacted at different periods, it applies with greater force to the several parts of a Code adopted about the same time. As to the other article, 3317, quoted by the judge, it only prescribes, as a general rule, that all mortgages, conventional, legal, and judicial, shall be recorded. Other provisions impose on the husband the duty of having the wife's mortgage recorded, and impose penalties for his neglect to do so ; but whether this duty be complied with or not, the legal mortgage exists in favor of the wife. Civil Code, art. 3298. In the case of *Pain* v. *Perret*, 10 La. 300, this court held that the rights of the wife, relating to her dotal and paraphernal property stand on the same footing, as regards the recording of the evidence of them.

It is, therefore, ordered, that the judgment of the District Court

be reversed, and that the negro slave, Hannah, be seized and sold to satisfy the judgment obtained by the appellant against her husband ; and that the appellee pay the costs in both courts.