·CANE et al. *v.* ALLEY.

The immovable property of the husband is tacitly mortgaged for the re-payment of paraphernal funds of the wife received by him during marriage; and this mortgage takes effect as to third persons, without registry, from the time when the funds were received.

APPEAL from the District Court of Caddo, *Taylor*, J. *Crain*, for the appellants. *Terrell*, for the defendant. The judgment of the court was pronounced by

KING, J. The defendant, *Martha Alley*, obtained a judgment against her husband for a sum of money belonging to her in her separate right, received by the latter after the marriage; and in the judgment, a mortgage was recognised in her favor, to take effect from the 28th May, 1835. At a sheriff's sale of her husband's property made in virtue of an execution issued under this judgment, *Martha Alley* became the purchaser of a tract of land. The plaintiffs obtained a judgment, in 1840, against *J. H. Alley*, the husband of *Martha*, which was duly recorded in the mortgage office, prior to the date of the judgment of *Martha Alley* against her husband. The plaintiffs seek in this action to enforce their judgment upon the land acquired by the defendant, *Martha Alley*, at the sheriff's sale of her husband's property. There was a judgment for the defendant in the court below, and the plaintiffs have appealed.

The only questions presented are, whether a tacit mortgage exists on the property of the husband for paraphernal funds of the wife received by the former during the marriage, and whether this mortgage takes effect to the prejudice of third persons, without registry. These questions have been repeatedly decided in the affirmative by the late Supreme Court, and the principles were re-affirmed by us in the case of *Fisher* v. *Fisher*, ante p. 774. The jurisprudence of the State upon these points is too well settled to be now disturbed. *Pain* v. *Terret*, 10 La. 300. *Turner* v. *Parker*, 10 Rob. 154.

SLIDELL, Justice, said that he did not assent to the correctness of the doctrine that, the mortgage in favor of the wife in case of paraphernal claims, exists against creditors without registry, considered as an abstract proposition. But he gave his concurrence to the opinion in this cause upon the ground of authority, as a doctrine established by a long course of decisions, and which had become a rule of property. He alluded to the argument of the counsel for *Staunton*, reported in *Turner* v. *Parker*, 10 Rob. 159, and stated that he felt bound to yield his own opinion to the force of authority.