## SUCCESSION OF GREMILLON.

Where a debtor, who had executed a mortgage to secure a debt, subsequently executes a mortgage on other property as a further security for the same debt, the last act reciting that the debt for which the original mortgage was given was still due, that the debtor was unable to pay, and that an extension of time had been granted, but without describing the character or site of the property included in the first mortgage, the inscription of the last mortgage will not be equivalent to a re-inscription of the first, which, if not re-inscribed within ten years from the date of the first inscription, will lose its rank. *Per Cur.* The Code requires the inscription to be renewed in the manner in which it was first made.

The statute of 27 of March, 1835, s. 2, which authorizes married women who have attained the age of twenty-one years, to renounce, by notarial act, with the consent of their husbands, in favor of third persons, their dotal, paraphernal, and other rights, provides that the notary, before receiving the signature of any married woman, shall detail in the act, and verbally explain to her, out of the presence of her husband, the nature of her rights, and of the contract she agrees to; and where such an explanation has not been made to her, the renunciation will be of no effect. A substantial compliance with the proviso is essential to the validity of the renunciation.

Where a husband purchases real estate at a sale of the succession of his wife's father, giving his notes for the price, and receiving a conveyance, and, in the partition of the estate among the heirs, the husband's notes are assigned to the wife as her share, and, after the homologation of the partition, the husband receives the notes from the parish judge, and gives a receipt for them, as his wife's share, and there is no proof that the notes were ever delivered or paid by him to the wife, nor that she had the separate administration of her property, the wife will be entitled to a legal mortgage on all the property of her husband for the reimbursement of the amount of the notes. And in such a case, the reception of the notes, the circumstances of that reception, and their origin being proved, the burden of proving that they were afterwards given, or paid, by the husband, to the wife, is thrown on the party opposing the mortgage.

Decision in *Johnson* v. *Pilster*, 4 Rob. 71, that the word "same," in art. 2367 C. C. relates not to the proceeds of the paraphernal property sold, as contemplated by the preceding clause, but to the paraphernal property itself, the law intending to secure the wife, in every case, where the husband disposed of her property for his individual benefit, affirmed.

Medical services, rendered after the death of a party to slaves belonging to his succession, are privileged, being for the benefit of the creditors and heirs.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J.

*Cooley*, for the opponent, appellant.

*Lacoste*, contra, contended, 1. That the first mortgage was not legally renewed by the second, the latter not containing any description whatever of the property mentioned in the former, as required by arts. 3273, 3274 C. C. See also *Ells* v. *Sims*, 2 Annual 251. Duranton, page 427, no. 369 to 372 C. C. 3333. *Shepherd* v. *Orleans Cotton Press*, 2 An. 100. Ibid pp. 520, 768, 799. 2. That, the *renunciation*, in the act of mortgage of June 29th, 1838, is illegal and null, in this, that it does not appear from the act itself, nor from any evidence *dehors* the act, that the formalities required by the second section of the act of 1835, p. 153, were complied with. 3. That the hereditary portion of *Pauline Joffrion* was imputed to the extinguishment of a debt of equal amount due by her husband to the succession of her father, and she is clearly entitled to a mortgage on his

SUCCESSION
OF
GREMILLON.

property, to secure the reimbursement of her paraphernal funds, thus converted
to her husband's individual interest.   *Rowley v. Rowley*, 19 L. 574.   4 Rob. 71,
114.   5 ld. 347.   6 Id. 154.   7 Id. 88.   2 An. 824, 918.   C. C. 2367.

The judgment of the court was pronounced by

SLIDELL J.   The principal controversy in this case is between the wife of the
deceased, who has renounced the community, and Poydras, the appellant.

The deceased executed a mortgage in favor of Poydras, in 1834, which was
recorded in that year.   In 1838, another mortgage of additional property was
executed for the same debt.   This act recited that the deceased was indebted
to Poydras in a capital sum of $6450 95, being the same debt mentioned in the
act before the same notary, on the 15th October, 1834, by which a mortgage had
been given; and, upon stating the inability of the mortgagor to pay, and that an
extension had been granted, he, for additional security, mortgaged other property.
His wife intervened in this act, and renounced in favor of the mortgagee.   It
was recorded in 1838.   The act of 1834 was reinscribed in 1845.   In 1842, the
deceased, as is alleged, became a debtor to his wife for her paraphernal property,
received and converted to his own use, and a tacit mortgage was thus acquired in
her favor.

The wife contends that the mortgage of 1834 lost its precedence, as against
her, by the failure to inscribe it within ten years.   Poydras meets this objection
by asserting that, the inscription of the act of 1838 was equivalent to a reinscrip-
tion of the antecedent mortgage, to which its recital referred.

The Code requires that inscriptions must be renewed in the manner in which
they were first made.   Without attempting to define the precise formalities to be
observed under this provision of the law, it is sufficient to say that, the recording
of an other act containing a recital so naked as was presented in the present case,
is not a compliance with the law.   It was entirely silent as to the character or
site of the property mortgaged.

The appellant's case is not aided by the wife's renunciation in the act of 1838.
The statute of 1835 authorizes married women, who have attained the age of
twenty one years, to renounce, by notarial act, with the consent of their hus-
bands, in favor of third persons, their dotal, paraphernal and other rights.   But
the statute contains the *proviso*, that the notary public, before receiving the
signature of any married woman, shall detail in the act, and verbally explain to
her, out of the presence of her husband, the nature of her rights and of the con-
tract she agrees to.   A substantial compliance with the proviso is essential to the
validity of the renunciation.   One of its motives was to guard the wife against the
influence of the husband, the moral effect of whose presence might control
her will, to the prejudice of her interest.   This formality was disregarded in the
present case, and the renunciation must be held inoperative.

But it is said the wife has not established a right of legal mortgage, within the
intendment of the 2367th article of the Code.   That it is only where the hus-
band has received the amount of the paraphernal property alienated by his wife, or
otherwise disposed of the same for his individual interest, that the law accords a
legal mortgage.

Before considering this point, a brief notice of the facts is necessary.   *Mrs.
Gremillon* was one of the heirs of her father, *Joseph Joffrion*.   At a sale of the
the real estate of her parent, her husband became a purchaser, gave his notes,
and received conveyances.   When a judicial partition of *Joffrion's* succession
was made among his heirs, the husband's notes were assigned to *Mrs. Gremillon*
as her share.   In 1842, after the partition was homologated, *Gremillon* received

these notes from the parish judge, and gave a receipt for them as his wife's share of the succession. There is no evidence to show that the notes were ever delivered, or paid, to her by her husband, nor that she had the separate administration of her property.

Article 2367 reads thus: "The wife may alienate her paraphernal property with the authorization of her husband, or, in case of refusal or absence of the husband, with the authorization of the judge; but should it be proved that the husband has received the amount of the paraphernal property thus alienated by his wife, or otherwise disposed of the same for his individual interest, the wife shall have a legal mortgage on all the property of the husband for the reimbursing of the same."

In *Johnson* v. *Pilster*, 4 Rob. 71, it was held-that the word "same" points, not to the proceeds of the paraphernal property sold, as contemplated in the prior clause, but to the paraphernal property itself; and that the law intended to secure the wife, in every case, where the husband disposed of her property for his individual interest. This interpretation is justified by the reasoning of the court upon the language of the article as a whole; and derives, perhaps, additional force from the broad terms of the french text—*ou en a autrement profité pour son bénéfice particulièr*. See also *Compton* v. *Her Husband*, 6, Rob. 157.

Now, in the present case, the husband has become the owner of real estate belonging to the succession of which his wife was an heir; and the price which fell to her share in the succession went into his hands. So that, in point of fact, he has turned her estate to his individual interest.

The appellant concedes that the case would have come within the Code, if the price for which the husband purchased had been cash, and if the husband had paid it to the succession, and then received it again as his wife's share. Substantially the case is the same, although the husband bought on a credit and gave his notes. The wife's property is gone, and has been converted to the husband's use as much in the one case as in the other. It is proper to observe that the husband's notes took the place of so much real estate of the succession, sold at public sale, and, as we may infer in the absence of contrary evidence, at its fair value. The reception of the notes by the husband being proved, and the circumstances of that reception and of their origin, we think the burden was thrown on the opposing creditor to prove that they were afterwards given or paid by the husband to the wife.

As the wife's mortgage for paraphernal rights absorbs the proceeds of sale of the real estate of *Gremillon's* succession, it is not material to consider her alleged mortgage for dotal claims.

The district judge was satisfied by the evidence, of the justice of *Dr, Mayne's* claim; and we do not consider the decree as requiring amendment on that score. A portion of the medical services were rendered to slaves belonging to the succession, after *Gremillon's* death. These are properly privileged; the disbursement being for the preservation of the estate, and enuring to the benefit of its creditors.                    *Judgment affirmed.*