## James P. Freret v. Thomas O. Meux.

Title to real property can neither be destroyed nor created by parol.

The adjudication at an auction sale, of itself, transfers the title of the property to the purchaser. Although in such sales of real estate an act of sale is to be passed, the *procès-verbal*, or certificate of adjudication prepared by the auctioneer, is as binding on the parties as a written agreement to sell. A consent to annul such a sale can only be proved by evidence that would annual a written sale of real property. C. C. 2255, 2415, 2584 to 2588.

A purchaser at an auction sale cannot be compelled to accept an encumbered title, when it is not shown that he had notice of the encumbrance.

Art. 2535 of the Civil Code, which only authorizes the purchaser who is, or has just reason to fear that he will bc disquieted in his possession, to withhold the price until he receives security, applies to a buyer in possession, who has accepted the sale, and not to one who discovers a defect or encumbrance in the title of his vendee before accepting a deed or possession. The latter may refuse to execute the act of sale until a good title is tendered to him, and must be released if his vendee is unable to give one ; *aliter,* as to judicial sales. C. P. 710.

A purchaser of property, entitled to require a good title before signing the act of sale, will not be liable for the price stipulated to be paid, when the property fell greatly in value before the vendor caused the encumbrances on it to be removed.

Freret v. Meux.

APPEAL from the District Court of the First District, *Buchanan*, J.

MORPHY, J.* This action was instituted on the 24th of March, 1837. Its object was to recover from the defendant $2000, which had been advanced to him on the price of an improved lot of ground, in Carondelet, between Hevia and Poydras streets, adjudicated to the plaintiff, at auction, on the 1st of February preceding, for $14,500, payable $2000 cash, with an assumption of $6000 due on the property, and the balance in endorsed notes at six, twelve, and eighteen months. The petition alleges that this property, which was sold without any notice or certificate of mortgage, was found, on examination, to be encumbered with tacit and other mortgages not declared ; that the defendant was required to protect the purchaser against these mortgages, either by having them at once removed, or by giving proper security therefor, but that he refused to do so, although the plaintiff was willing and offered to comply with his engagements, whereby the contract was annulled by effect of law, as well as by the express agreement and consent of the said defendant. That, in the meanwhile, and under the supposition that Meux was really the owner of the property by a free and unencumbered tenure, the plaintiff paid him the cash amount of $2000, which he now refuses to return. The defendant, after a general denial, admits the adjudication of the property to the plaintiff and his payment of $2000, but avers that he has not complied with the other conditions of the purchase, but, on, the contrary, has refused to perfect the sale, by giving his notes and assuming the payment required ; and, pleading in reconvention, the defendant further avers, that the adjudication is valid, that the title to the property is good and unincumbered, and that the plaintiff is attempting illegally and unjustly to get rid of his contract since property has fallen in value, to his (defendant's) damage in the sum of $15,000. He accordingly prays that the adjudication may be adjudged to be binding on the plaintiff, and that he may be decreed to comply with its

---

* MARTIN, J. being interested in the question, did not sit on the trial of this case.

conditions, or, on failure thereof, to pay damages to the amount of $15,000. There was a judgment below, condemning the plaintiff to comply with the adjudication, and reserving to the defendant the right to sue for the price in a separate suit. From this judgment the plaintiff has appealed, and the defendant has asked this court to amend it, so as to decree that the plaintiff shall pay the price of the property, or damages, as prayed for in his reconventional demand

The evidence shows that at the time of the adjudication of the property, and of the institution of this suit, there existed a recorded mortgage of $20,000 against the defendant, as tutor of a minor ; that the plaintiff objecting to take the title with this incumbrance, some communications took place between the parties, through the notary who was to pass the sale, which resulted in a proposition on the part of the defendant to annul the adjudication, and to refund to plaintiff the cash payment of $2000 he had previously made, which proposition was accepted. The testimony of the notary, which was offered to prove this agreement, was objected to on the trial, but admitted by the judge, who, however, decided the case on the ground that the defendant's consent to rescind the adjudication could not be proved by parol. In this opinion we concur. Title to real estate cannot be destroyed, any more than it can be created by parol testimony. If the auction adjudication transferred the property, the consent to annul it, which is equivalent to a retrocession, must be written ; and that it does operate a transfer, at least between the parties, is clear from article 2586 of the Civil Code. This article provides that "the adjudication is the completion of the sale ; the purchaser becomes the owner of the object adjudged, and the contract is from that time subjected to the same rules which govern the ordinary contract of sale." In judicial sales the adjudication is, of itself, a complete title, and need not be followed by an act passed before a notary. Ib. art. 2601. Although in auction sales of real estate, an act of sale is to be passed, yet the *proces-verbal* or certificate of adjudication drawn up by the auctioneer, is as binding on the parties as would be an agreement to sell in writing. The signed declaration of that officer is made by law to supply the written

assent of the purchaser, while that of the seller must be given previous to the exposure of the property for sale. Such being the force and effect of an auction adjudication, a consent to rescind it can be proved only by that kind of evidence which would be necessary to annul a written sale of real property. Civil Code, arts. 2255, 2415, 2584 to 2588.  3 La. 460.  6 La. 549.  But the notary's testimony, although improperly admitted, and insufficient to show the defendant's consent to annul the adjudication, justifies, in our opinion, the refusal of the plaintiff to comply with it.  He was not obliged to accept an encumbered title, when it is not shown that he had notice of the encumbrance ; and it is not to be presumed that he would have agreed to buy the property with it.  Had the purchaser, in this case, put the defendant *in morâ* to give him a title to the property, in one of the modes prescribed by the Code, we are not prepared to say that he would not have been entitled to obtain a recission of the adjudication, by reason of the defendant's inability to comply with his obligation under it, to execute a good title to the property.  In the *Pontchartrain Rail Road Company* v. *Durell* (6 La. p. 484), we held that article 2535 of the Civil Code, which only authorizes the vendee to withhold the price until he receives security, applies to a buyer in possession who has accepted the sale, and not to one who discovers a defect, or encumbrance in the title of his vendor, before he accepts a deed or possession.  The latter may well refuse to pass the sale until a good title is tendered to him, and must be relieved if his vendor is unable to give one.  It is otherwise in relation to judicial sales.  Code of Practice, art. 710. 3 Mart. N. S. 221.  The defendant, who was not put in default, took the necessary steps to cancel, and did apparently cancel the mortgage of $20,000, on the 3d of May, 1837, a few days only before he filed his answer and reconventional demand.  It is not shown that the plaintiff was notified of the erasure of this mortgage when it took place, nor that an unincumbered title was then tendered to him, or can now be given.  From that time the defendant has remained in possession of the property.  The suit commenced was suffered to remain untried below more than four years, and has been pending in this court

more than three.   Under such circumstances, justice, we think, requires that this case should be remanded, as the plaintiff may show that the property fell greatly in value before the defendant caused the encumbrance on it to be removed; or that it has since been encumbered with other mortgages, which put it out of his power to give a clear and unincumbered title to the same.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that the case be remanded for further proceedings; the appellee to pay the costs of this appeal.

*L. Peirce*, for the appellant.

*Rawle, Preston*, and *A. Hennen*, for the defendant.