### PETER LAFITON, Administrator, v. ELIEN DOIRON et al.

The first section of the Act of the Legislature of the 10th of March, 1847, conferring upon administrators and other representatives of a succession, the power of acting as auctioneers in the sale of the property of the succession, was not abrogated by the Act of the 7th of April, 1847, directing the Judge of the court to order the sale to be made by the Sheriff of the parish or such auctioneer as the parties might name.

The two Acts passed at the same session are not so utterly inconsistent with each other as to be wholly irreconcilable.

Although the action for a reduction of the price of land on the ground of deficiency in quantity be prescribed, it may nevertheless be set up as a means of defence against a demand for the price.

APPEAL from the District Court of West Baton Rouge, Robertson, J. H. M. Favrot, for plaintiff. Edwards & Barrow, for defendants and appellants.

MERRICK, C. J. On the 29th day of June, 1850, under an order of court, Louis Lafiton, as administrator of the succession of Widow Elizabeth Lejeune, deceased, sold at public auction the property of her succession. Among the

effects sold, was a tract of land described as " the plantation whereon the deceased resided, at forty arpents from the river Mississippi, measuring one arpent front by forty arpents in depth, between parallel lines, bounded above by land of *Elien Doiron* and below by lands of *McCalop, Felix Barnard*, and others," which was sold to the defendants, *Longuepée* and *Doiron*, for $1,000 (according to the terms of sale), on a credit of one, two and three years, the purchasers furnishing three notes bearing eight per cent. interest after maturity. The purchasers did not sign the adjudication nor give their notes. The *proces verbal* of the sale was signed by the administrator alone and two witnesses.

The first administrator having died without obtaining the notes of the purchasers, the present administrator applied for and obtained an order of seizure and sale in April, 1855, against the purchasers, to enforce the payment of the price. The defendants did not oppose the sale, and the land was sold for $500, July 7th, 1855.

The present action is brought to recover $814 08, the remainder of the price, with eight per cent. interest from August 4th, 1855, until paid. Judgment was rendered by default against *Longupée*, as a debtor *in solido*, for the amount claimed. *Doiron* answered, and judgment having been rendered against him for the like sum, he has appealed.

His counsel contends:

1st. That in 1850, there was no law authorizing an administrator to act as auctioneer in the sale of the property of a succession. The first section of the Act of 10th March, 1847, p. 62, expressly conferred this power upon administrators and other representatives of a succession. The power was not abrogated by the Act of 7th of April, 1847, p. 73, directing the Judge of the court, where the succession is opened, to order the sale to be made by the Sheriff of the parish or such auctioneer as the parties may name; because the two Acts were passed at the same session of the Legislature, and they are not so utterly inconsistent with each other as to be wholly irreconcilable. Moreover the provision in the Act of 10th of March was recognized and continued by the proviso in the 7th section of the Act relative to auctioneers, approved March 16th, 1848, p. 97. We think, therefore, the Judge could, in 1850, empower an administrator to sell property. It is unnecessary to consider whether the administrator could, by his adjudication, bind the purchasers to pay the price, they never having signed the notes or adjudication; for the defendant *Doiron* has substantially admitted the sale in his answer, to say nothing of his acquiescence in the proceedings under the order of seizure and sale. See Arts. 2586 and 2601 C. C. 6 Rob. 26 and 9 Rob. 416.

2d. It is urged that the Judge of the District Court erred in refusing to receive the defendants' proof in regard to the alleged deficiency in the quantity of the land sold. The reason for the refusal, we learn from plaintiff's brief, was that the action for the reduction of the price was barred by the prescription of one year. In this the District Judge erred. Although the defendants' action, were he to sue, is barred by one year, yet as a means of defence, the exception endures as long as the plaintiff's action exists, and may be used as a shield against the action. *Quae temporalia sunt ad agendum, sunt perpetua ad excipiendum.* *Davenport* v. *Foster*, 3 N. S. 695; *Bushnell* v. *Brown*, 4 N. S. 500.

3d. It is further contended, that the court erred in condemning *Doiron*, as a debtor *in solido* with *Longuepée*, to pay the remainder of said price. The pur-

LAFITON
*v.*
DOIRON.

chase of property in the joint names of *Longuepée* and *Doiron* only created a joint obligation for the payment of the price. If the mortgage, the accessory obligation in a purchase of this kind, be considered as indivisible, it does not follow that the primitive obligation is of the like nature. See 9 An. 421. C. C. 2807, 2844, 2088, 2108, 1382. C. P. 65, 66 and 67.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court as to the said *Elien Doiron* be avoided and reversed, and that this cause be remanded to the lower court for a new trial, with instructions to receive testimony tending to show a diminution in the quantity of the land sold, and to be governed by the views herein expressed, and in other respects to proceed according to law ; the plaintiff and appellees paying the costs of the appeal.