12    297
121   450

NAPOLEON B. RIDDLE, Curator, *v.* CATHARINE KREINBIEHL, &c.

When there has been no fraud on the part of the vendor, and no proof that he had any knowledge
of the existence of a redhibitory vice in the slave sold, the redhibitory action is prescribed in one
year from the sale.

In an action to recover a part of the price unpaid, the vendor may set up the redhibitory vice as
matter of defence, although more than a year has elapsed since the sale. He cannot, however, by
a reconventional demand, after the lapse of one year, recover back the part of the price which
has been paid.

APPEAL from the District Court of West Feliciana, *Waterston*, Judge of the
Eighth District, presiding. Tried by a Jury. *Brewer & Collins* and
*Powell*, for plaintiff and appellant. *H. C. Hudson*, for defendant.

LEA, J. The plaintiff, in the capacity of curator of the estate of *Richard
N. Cadle*, sues for the unpaid balance due upon the price of a slave adjudicated
to the defendant, *Catharine Krienbiehl*, at a public sale of the property belong-
ing to the succession of *Richard N. Cadle*. The defendant resists payment on
the ground that at the time of the sale the slave "was afflicted with a redhibi-
tory malady of many years standing," one not easily detected by a person not
accustomed to deal in slaves and unskilled in medical science.

The defendant claims in reconvention the cancellation of the sale, the restitu-
tion of the money already paid as part of the price of the slave, and the reim-
bursement of expenses and losses incident to her sickness, such as loss of time,
nursing, board, physicians' bills, medicines, &c.

Against the reconventional demand the plaintiff has entered the plea of the
prescription of one year. The sale of the slave was made on the 8th of Feb-
ruary, 1854, and the suit was not instituted until the 15th March, 1855. No-
thing in the evidence establishes fraud in the vendor, or that the vendor had
any knowledge of the existence of the alleged redhibitory vice, and neglected
to apprise the purchaser of the fact.

The claim upon the reconventional demand, therefore, comes clearly within
the application of Article 2512 of the Civil Code, so far as the defendant seeks
to recover any part of the price already paid or damages incident to the sick-
ness of the slave. The Article expressly provides that the redhibitory action
must be instituted within a year at the farthest, commencing from the date of
the sale. So far, however, as the defendant seeks to resist the payment of the
unpaid balance due upon the price, she may invoke the doctrine "*quæ tempo-
ralia*," &c. Though the redhibitory action is barred by the lapse of time, yet
she may invoke as matter of defence any facts which would sustain a redhibi-
tory action.

Upon the question of fact, as put at issue, in the pleadings, although the tes-
timony is not as conclusive as could be desired in a case of this kind, yet we
are reluctant to disturb the verdict of a jury upon a question of fact sanctioned,
as it apparently has been, by the concurring opinion of the District Judge.

It is ordered, that the judgment appealed from be reversed, and proceeding
to render such judgment as in our opinion should have been rendered, it is
ordered, that upon the plaintiff's claim there be judgment for the defendant,
and that upon the claim in reconvention, for the restitution of the money paid
by the defendant as part of the price of the slave and for damages, as set forth

38

RIDDLE
v.
KREINBIEHL.

in the answer and supplemental answer, it is ordered that there be judgment in favor of the plaintiff, *N. B. Riddle*, curator; it is further ordered, that the plaintiff pay the costs in the District Court, and that the defendant pay the costs of this appeal.