No. 2178.—L. LASTRAPES et al *v.* ROSA ROCQUET.

*The rule Quæ temporalia sunt ad agendum, perpetua sunt ad excipiendum may be urged as a means of defense, but it can not be used as a weapon of attack. Therefore a purchaser of property, when sued for the price, may urge in defense the redhibitory defects, the diminution in quantity and the like, although his right to recover by direct action for such cause be prescribed.*

APPEAL from the Fifth District Court for the parish of Orleans. *Leaumont,* J. *Armand Petot,* for plaintiffs and appellants. *Miller & Huntington,* for defendants and appellees.

HOWELL, J. The plaintiffs seek to have a note for $10,000, due thirty-first March, 1862, and the mortgage securing its payment, given for the last installment of the purchase price of a plantation and slaves in St. Landry, canceled and extinguished, on the ground that the payments made far exceed the value of the land, improvements and movables purchased by them, the alleged proportion being $60,000 for slaves and $20,000 for the land, improvements and movables, and the total paid being $60,000. The defense is that the demand is unfounded in law; that if admissible, the proportion is as three-sevenths for the slaves to four-sevenths for the land, etc.; that the whole loss should not fall on the note, which fell to her share in the partition among herself and co-heirs; that plaintiffs are liable for the hire of the slaves, if they are released from payment of their price; and she prays the dismissal of the demand or its reduction, and, in reconvention, claims her proportion of $50,000 for the hire of the slaves; and also the amount of said note with a recognition of her mortgage. To the reconventional demand the prescriptions of three, five and ten years and the constitutional inhibition were pleaded.

All the evidence, touching the relative value of the slaves and the other property, was introduced by the plaintiffs, and it sustains the proportion set out in their petition. The only question for our decision is that of prescription, to which the defendant opposes the maxim, *"Quæ temporalia sunt ad agendum, perpetua sunt ad excipiendum."*

This appears to us a misapplication of the rule invoked, and one which must tend to render the laws of prescription inoperative. If the position taken by defendant be correct, the holder of a mortgage note actually prescribed has the right to enforce its payment, because the maker seeks to relieve his property or credit from the shadow cast upon it by the outstanding of such note. The rule is intended as a shield, and not as a weapon of attack; as, when a purchaser is sued for the price of property, he may set up a redhibitory defect, deficiency in quantity, and the like, although the right of a direct action, arising from such cause may be prescribed.

The defendant's right to demand payment of the note: Her cause of action does not grow out of the right or cause of action on the part of

the plaintiffs. It is an original, independant right, growing out of the obligation contra⁓ted by the plaintiffs in her favor, and that of plaintiffs rests on events occurring since the origin of said obligation, and which they say have extinguished that obligation. Defendant's attempt seems to be a reversal of the ordinary application of the rule. No question is raised by her as to any renunciation of acquired prescription, and no interruption is alleged or shown.

Judgment affirmed