No. 2034

Second Circuit Appeal

HOLCOMB & HOKE MFG. CO. v. JAMES THEODORA

(Jan. 12, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 3, 4.**
Where a popcorn machine is sold on a supposed lease agreement the courts will interpret the purported lease agreement as a sale, which it in reality is.

2. **Louisiana Digest—Landlord and Tenant —Par. 99; Pleading—Par. 29.**
A provisional seizure is dissolved where the petition does not pray for the issuance of the writ.

3. **Louisiana Digest—Landlord and Tenant Par. 96.**
A provisional seizure is dissolved where there is in reality no lease or rental involved.

4. **Louisiana Digest—Landlord and Tenant Par. 102.**
Defendant in a writ of provisional seizure is not entitled to damages upon its dissolution in the absence of proof of malice.

5. **Louisiana Digest—Sales—Par. 238, 239.**
Article 2534 of the Civil Code, treating of the redhibitory action and prescription of one year under it, has no application to this case in which the purchaser of property, when sued for the price, uses the redhibitory vices of the thing sold as a defense to further payments.

6. **Louisiana Digest—Tender—Par. 1, 6.**
Where, at the time that the defendant filed answer and instituted what plaintiff terms a redhibitory action, the property was not in defendant's possession, having been seized by the sheriff under a writ gotten out by plaintiff, any other tender than the one made by defendant under the conditions was impossible, nor was any other tender necessary.

7. **Louisiana Digest—Sales—Par. 218, 219.**
Where a popcorn machine did not do the work it was intended for and the seller's agents promised to repair it, the fact that the purchaser made further payments does not debar him from claiming the machine unsuitable as a defense to a suit brought by the seller to collect the balance of the price.

Appeal from the Thirteenth Judicial District Court, Paris of Rapides, Hon. J. A. Williams, Judge.

This is a provisional seizure to collect alleged rent on a popcorn machine. The defense is that the machine was in reality sold but it is unsuited for the purpose for which it was sold.

There was judgment for defendant and dissolution of writ with $50.00 damages.

Plaintiff appealed.

Judgment affirmed, except as to $50.00 damages reversed.

White, Holoman & White and Geo. Ginsberg, of Alexandria, attorneys for plaintiff, appellant.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellee.

ODOM, J. Plaintiff alleges that on or about the 9th day of Sept. 1919, he leased to the defendant a pop-corn machine, which lease began, he says on that date, and ended 78 weeks after that date, during which time defendant bound and obligated himself to pay the sum of $16.80 every two weeks as rental, and that there is still a balance of $224.50 due him; that he has made demand on defendant for the payment of the balance due and that defendant has failed to make the payments, and

he now asks that he have judgment for the balance due. He also alleges that he has a "lessor's lien and privilege upon the above described pop-corn machine" to secure the balance of the purchase price and that he is entitled to have a writ of provisional seizure issue directing the sheriff to seize and to sell the said machine without appraisement.

An order for a writ of provisional seizure was signed by the Judge on April 20, 1922, and on the same the writ was issued, but whether the writ was ever executed and the property actually seized thereunder does not appear, as there are no returns in the record showing the actual seizure. However that point was not raised in argument or in brief. It seems to have been conceded that the property was actually seized.

On May 3rd, 1922, defendant moved that the writ be dissolved for two reasons, one that plaintiff did not pray for the issuance of the writ, and second that there was no ground for the issuance thereof as plaintiff has no privilege on the property. He asked for damages in the sum of $50.00. This rule was tried on Feb. 15, 1923, the motion sustained, the writ was dissolved and defendant was allowed $50.00 "as damages for the illegal issuance of said writ."

On February 27, 1923, defendant filed answer setting up that he did not lease the machine from plaintiff, but that he had purchased the same and that while the vendor termed the contract a lease, and while the written contract entered into by the parties purported on its face to be a lease, yet it was in realty, a sale that he had received the machine from plaintiff had paid $150.00 cash and had made 27 bi-weekly payments of $16.80 each.

He admits that he refused to make the additional payments.

He especially alleges that the machine was guaranteed by the plaintiff, vendor, to give satisfaction, that it was designed and guaranteed to pop pop-corn and parch peanuts. That the machine failed to do so, that is was not satisfactory; that it could not be made to operate successfully on account of some defect unknown to him, and he prays that plaintiff's demands be rejected, and that he have judgment in reconvention for the sum of $603.60 the amount which he had paid on the machine.

Plaintiff, defendant in reconvention has filed in this court, an exception of no right of action on the ground that defendant, plaintiff in reconvention, "did not tender back the pop-corn machine before instituting redhibitory action", and in the alternative, if defendant, plaintiff in reconvention, has a right of action, it is barred by the prescription of one year.

On the issuance and dissolution of the writ of provisional seizure. This writ should not have issued and was properly dissolved by the District Court. But we think the court erred in granting $50.00 damages for the illegal issuance of the writ.

The motion to dissolve the writ does not set out that defendant actually suffered any damage on account of the writ. It recites that the writ was illegally issued and asks that plaintiff be condemned "to pay the defendant the sum of fifty ($50.00) dollars as damages for the illegal issuance of the writ".

Under the law, defendant is not entitled to damages upon the dissolution of a writ of this kind in the absence of proof of malice.

See Fox vs. McKee, 31 La.. Ann. 67.

Cretin vs. Levy, 37 La. Ann. 183.

John Adams vs. Sheperd, 52 La. Ann. 1809, 28 South. 319.

There was no actual damage sustained. The machine was not in use at the time

it was seized, in fact the testimony shows that it could not be used. No proof was made that the mere seizure of it damaged defendant's business. It may be said that the attorney's fee in having the writ dissolved would be $50.00, but there is no proof that the attorney for the defendant charged that sum in addition to his services in defending the suit on its merits.

We think it was error to allow any sum as damages upon the dissolution of the writ.

## ON THE PLEA OF PRESCRIPTION

Plaintiff interposes in this court, the plea of prescription of one year to the defendant's reconventional · demand which plaintiff says can be viewed only as a redhibitory action. As both parties seem to treat it as such, we shall so consider it and pass upon the plea of prescription.

Art. 2534 of the Civil Code provides: "The redhibitory action must be instituted within a year at the farthest, commencing from the date of the sale". This limitation does not apply where the seller had knowledge of the vices of thing sold and failed to declare them to the purchaser, nor where the seller, not being domiciled in this state, shall have absented himself before the expiration of the year following the date of the sale. But the question to be decided does not hinge upon either of the noted exceptions, but upon the well recognized principle of law that a person may under certain conditions, use as a shield of defense that which he could not use as a weapon of attack. There can be no question but that a purchaser who institutes the redhibitory action must do so within one year from the date of the sale, or at least from the date on which the defects of the thing become known to him. But where the purchaser has been sued for the balance of the purchase price and resists payment on the ground that there was in the thing purchased some redhibitory vice, he may set up such vice or defect even though more than a year shall have elapsed since the date of the sale. The case of Thompson vs. W. H. Milburn, 1 Martin N. S. P. 468, is directly in point. The court said, "The article of our code which directs that the action of redhibition must be brought in one year at farthest from the date of sale, can only receive an application in cases where the vendee is plaintiff and brings action. It leaves untouched the right to offer the want of consideration as a defense against paying the price agreed on." And in the case of Lastropes vs. Rocquet, 23 La. Ann. 68, the syllabus reads as follows: "The rule quae temporalia sunt ad agendum, perpetua sunt ad excipiendum may be used as a defense, but it cannot be used as a weapon of attack. Therefore a purchaser of property, when sued for the price, may urge in defense the redhibitory defects the diminution in quantity, and the like, although his right to recover by direct action for such course be prescribed."

And the opinion is in accord with the syllabus.

See Bushnell vs. Brown Heirs, 4 N. S., p. 499.

Otis vs. Texas Co. 153 La. 400, 96 South. 1.

Edwards & Kurz vs. Plaquemine Ice & Cold Storage Co., 46 La. Ann. 360, 15 South. 61.

The case at bar is not where the purchaser comes into court as plaintiff and asks that the sale be set aside on account of the defect thing sold, but he is resisting plaintiff claim for further payment on the price of the thing and sets up such defects as a defense; and he further asks for the return of that which he has already paid on the ground that the seller warranted the article sold which proved defective.

The plea of prescription is not good and is overruled.

## ON EXCEPTION OF NO RIGHT OF ACTION.

This exception was also filed in this court along with the plea of prescription.

The exception is founded upon the proposition that defendant failed to tender to plaintiff, the pop-corn machine before instituting the redhibitory action as it is termed. Plaintiff in brief says "Under the above, defendant's reconventional demand must fail as no tender was made until answer was filed", and he cites the following cases:

Barret vs. Ballard, 19 La. 281.
Fazenda vs. Hogan, 9 Rob. 306.
Bach vs. Barret, 2 La. Ann. 955.

In each of the cited cases, the vendee brought suit to set aside the sale and to recover the amount paid on account of redhibitory vices found in the thing purchased. The court in each case held that he should have tendered the property before bringing the suit. The case at bar is not a parallel case. Defendant has not brought a redhibitory action to annul the sale, but is resisting the demands of plaintiff that he make further payments and asking a refund of the amount he has paid.

Besides, defendant has made a tender of the machine. He made the only kind of tender he could have made under the circumstances; he tendered the property in his answer. That, we think is sufficient, if indeed any tender at all be necessary in a case of this kind.

Furthermore, at the time defendant filed answer and instituted what plaintiff terms a redhibitory action, the property was not in defendant's possession, having been seized by the sheriff under a writ gotten out by plaintiff. Any other tender than the one made by defendant under the conditions was impossible.

The exception is therefore overruled.

## ON THE MERITS.

Defendant purchased the machine under the following written guarantee. "We guarantee the Butter-Kist Pop-Corn machine to perform perfectly the work for which it is designed and sold, and we will gladly send new parts to replace any part or parts of it that prove defective through faulty workmanship of material". We find the following in the printed circular gotten out by plaintiff.

"The capacity of the Butter-Kist machine may be varied from fifteen to about one hundred twenty, 5 cent bags of popped corn per hour.".

Defendant testified on the trial that the salesman for plaintiff guaranteed the machine to give perfect satisfaction.

When the machine arrived in Alexandria, it was set up by defendant with the help of Mr. Mandot, an electrician connected with the Evans Bros. Electric Company. They could not make it work. They then sent for the city electrician, Mr. Franks. He testified that he made an inspection and found that the machine was properly connected, and that the city furnished an alternating current of one hundred ten to one hundred sixteen volts, sixty cycles. Mr. John E. Britterback an expert witness for plaintiff testified as follows:

"That is, this machine will operate satisfactorily on a voltage not varying more than 5% over or under the voltage, specified, which is a hundred ten volts alternating current, sixty cycles, in this instance. That is the machine will operate properly on a minimum of about a hundred and four volts, alternating current, sixty cycles, and it will operate properly upon a maximum of one hundred sixteen volts, alternating current, sixty clyces." So that the testimony shows that the machine was properly set up, under proper conditions.

But it would not, it did not do the work it was intended to do. that is pop pop-corn and parch peanuts.

The proof is overwhelming on that point. For some reason his plates would not heat. Plaintiff was notified of this fact. Representatives of plaintiff, some three or four, inspected the machine but could not make it work. They promised, so defendant says, to have the machine fixed, but nothing was done. Just why it would not work no one seems to know, but the facts are that it would not.

Plaintiff's expert witness, Mr. Brittenbach says that he gave the machine a thorough test before it was shipped and that it was in perfect condition. Whether it was or not, the facts are that when it reached Alexandria, it would not do the work it was guaranteed to do, and under plaintiff's guarantee, it should have found the trouble and remedied it after being notified as it was, that the machine was not satisfactory.

Defendant made a number of payments on the machine after he received it and even after it proved unsatisfactory. Plaintiff says defendant's conduct in making the payments lulled it into "non action" for three years.

The proof shows that plaintiff was notified of the defects in the machine and promised to remedy them.

Defendant thought plaintiff would finally do that and for that reason he made his payments.

We are satisfied that the machine was utterly unfit for the use for which it was purchased, and that the District Judge made no error in rejecting plaintiff's demands, and awarding judgment for defendant on his reconventional demand for the amount sued for.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be reversed in so far as it allowed defendant damages in the sum of $50.00 for the erroneous issuance of the writ of provisional seizure and in all other respects it is affirmed, all costs to be paid by the plaintiff in suit.