## No. ——.

### First Circuit Appeal

---

## CROWN CORK AND SEAL CO. v. GRAPICO BOTTLING WORKS, ET AL.

(February 18, 1925, Opinion and Decree)
(May 5, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 239, 242.**
Defendant upon being sued can use the redhibitory vice of the thing sold as a shield against plaintiff's attack for recovery of the purchase price, although more than a year has elapsed since the discovery of the vice.

2. **Louisiana Digest—Sales—Par. 239.**
The defendant in a suit to recover part of the purchase price unpaid for an article which has redhibitory vices cannot recover in reconvention from the plaintiff what defendant has already paid if more than one year has elapsed since the discovery of those vices by the defendant.

(Civil Code, Art. 2534. Editor's note.)

Appeal from the Parish of Washington. Hon. Leche, Judge.

This is a suit to recover the balance of the purchase price of a machine to cork and seal soda water bottles. The defense is that the machine did not work properly. There was a reconventional demand.

There was judgment for defendant and also for defendant on his reconventional demand.

Plaintiff appealed.

Judgment for defendant affirmed but judgment on reconventional demand reversed.

B. D. Talley, of Bogalusa, attorney for plaintiff and appellant.

Ott & Reed, of Bogalusa, attorneys for defendant and appellee.

LECHE, J. This suit is for the recovery of a balance due on the purchase price of a Baltimore Semi-Automatic Machine, Model B-1485, designed to cork and seal soda water bottles. The machine was sold by plaintiff to defendant in consideration of $648.00, of which amount defendant paid $290.00, and the balance sued for is $358.00, together with interest and attorney's fees. Plaintiff also prayed for and obtained a writ of sequestration, under which the machine was seized by the sheriff, who holds it subject to the decision of the case.

The defense, in substance, is that the machine was defective and could not be made to produce the results which it had been represented and guaranteed as able to accomplish. Wherefore defendants prayed for rescission of the sale and the return of that part of the purchase price which they had already paid to plaintiff.

The judgment of the District Court was in favor of defendant as prayed for and plaintiff has appealed.

There is no doubt that the machine failed to do, both in manner and extent, the work it was designed to accomplish. The clogging of the neck of the bottles in the machine, the loss of gas with which the contents of the bottles were charged, the breakage of bottles and consequent loss of syrup used for sweetening, and the drenching of the workmen who operated the machine, became of such frequent and continued occurrence that the machine could not be operated with any degree of efficiency. The crucial point in the case is whether this failure of the machine to properly accomplish the work intended was due to defective construction or to defective operation.

The defendant, who is illiterate but appears from his testimony to be of average intelligence, and George Haik, a young man appearing also to be of good average intelligence, both testify that the instructions given by plaintiff were carefully followed in operating the machine, but that they were unable to avoid the aforementioned faulty and damaging results.

Of course, it would be unreasonable to expect a machine or device of this character to be constructed in such manner as to be what is colloquially called fool-proof, but, on the other hand, it would be equally unreasonable to hold that such machine was designed to be operated solely by expert mechanics when no notice or warning to that effect was given by the seller to the vendee. The circumstances under which the sale was made to defendant point undoubtedly to the condition that a person of ordinary skill and intelligence would be able to operate the machine efficiently. That condition was accepted by defendant and seems to have been complied with, and the result, nevertheless, was as stated.

We have no means of ascertaining the cause of the trouble. The district judge evidently believed it was due to defective construction and we discover no error in that finding.

The demand by defendant for the return of that part of the purchase price, viz.: two hundred and ninety dollars, already paid to plaintiff, was met by a plea of prescription of one year. Defendant bought the machine November 30, 1921. He knew and complained of its defects on January 18, 1922. His demand for the return of the purchase price was filed December 6, 1923, or one year and eleven months after he had discovered the redhibitory defects in the machine. The redhibitory action is prescribed by one year. C. C. 2534. It is therefore obvious that he could not have instituted an action in redhibition at the time that he filed his demand in reconvention in this suit, on December 6, 1923, for such demand had then already prescribed. But under the doctrine of "quae temporalia sunt ad agendum, etc.", defendant had the right to use as a defense, when sued for the price, that which he could not have used as a weapon of attack. C. P. Article 20. Lafiton vs. Doiron, 12 La. Ann. 164.

By reason of the same rule, while it is true that defendant may use, even after prescription has accrued, the redhibitory vice of the thing as a shield against plaintiff's attack for recovery of its pur-

chase price, he cannot use such vice as a weapon against plaintiff to recover after accrual of prescription money already paid as part of such purchase price. To this effect are the decisions in Dickason vs. Bill, 13 La. Ann. 250, and Riddle vs. Kreinbiehl, 12 La. Ann. 297.

It might be contended that this case comes within the exceptions contained in Article 2534, C. C., but these exceptions arise only where the seller had knowledge of the vice or where, not being domiciliated in the state, the seller shall have absented himself before the expiration of the year following the sale. Neither of these conditions are shown to exist in this case. The plaintiff is a foreign corporation represented by an agency in the city of New Orleans, which, so far as the record shows, is still located in that city.

We believe that the trial judge was in error in granting defendant's demand for the return of that part of the purchase price already paid and that the judgment appealed from should be accordingly amended.

It is therefore ordered that the judgment appealed from be amended by dismissing and refusing defendant's reconventional demand and that otherwise said judgment be affirmed, costs of appeal to be paid by defendant and appellee.