No. 9847.
Orleans Appeal.

BLACKNER ROTARY PUMP CO., Appellant, v. RANTZ ENGINEERING AND MACHINE WORKS, INC.

(December 15, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1.   **Louisiana Digest, Sales, Par. 227.**

The manufacturer of a defective rotary pump is presumed to be aware of its defects.

2.   **Louisiana Digest, Damages, Par. 74.**

A claim for damages of $140.00 alleged to have been expended in an effort to perfect a defective rotary pump costing $120.00 will be rejected as unreasonable and only such damages allowed as were necessarily incident to the discovery of the defect.

(Civil Code, Art. 1764, Par. 2—Editor's Note.)

Appeal from First City Court, Hon. Val J. Stentz, Judge.

This is a suit for the price of merchandise sold. Defendant reconvened. There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

R. B. Montgomery, Wm. H. McClendon, attorneys for plaintiff and appellant.

H. W. Robinson, attorney for defendant and appellee.

WESTERFIELD, J. Plaintiff sues for $120.45, the price of a rotary pump sold defendant. Defendant answers admitting the purchase but avers that the pump was defective and useless for the purpose for which it was bought and claims $143.00 in reconvention as damages. From a judgment in favor of defendant on the main demand and for the full amount claimed in reconvention the plaintiff has appealed.

The evidence satisfies us that the pump was defective. It is shown that it was tested at plaintiff's factory and plaintiff's employees testify that it was in perfect or-

der when shipped to defendant but, nevertheless, it would not work when installed according to evidence which is unimpeached. Plaintiff, a partnership of Petosky, Michigan, where the pump was manufactured and shipped by them, assert that as appears by their catalogue, a copy of which was sent to defendants, they do not guarantee their pumps unless installed under the direction of their engineers, and claim that the fault was not with the pump but with the manner of installation in the building in New Orleans due to improper connections or improper piping. It is not shown that any instructions were given defendant and it would be unreasonable to expect an engineer to be sent from Petosky, Michigan, to install a pump costing $120.00 in a building in New Orleans; moreover, it appears that a sketch of the installation was sent plaintiff and it does not appear that any complaint or criticism was made by them of the set-up of the pump.

Plaintiffs offered to send another pump to replace the defective one but subsequently declined to do so unless and until payment was made for the defective pump, which was an unreasonable requirement.

We think plaintiff's claim for the purchase price was properly rejected.

In regard to the claim in reconvention, it is made up of two items, one of $35.00, the cost of installing and removing the defective pump, and one of $108.00, the cost of a mechanic's time at $1.00 per hour alleged to have been spent in an endeavor to make the pump work. The second item cannot be allowed. It should have been sufficiently manifest that the pump was defective when first installed and the expenditure of $140.00 in an effort to make a $120.00 pump perform its expected capacity is wholly unjustified. We quote the following from Mechem on Sales, Vol. 2, p. 1457:

"1826. Expenses incurred in preparing for what the seller is to do but fails to perform, or in doing that which the seller ought to have done, or in undoing that which he did improperly, fall clearly within the doctrines of the preceding sections, and may be included within the damages to be recovered.

"For like reasons money expended in a reasonable endeavor to avoid or diminish the injury resulting from the breach of warranty, as for example, to cure an animal sold as sound, but found to be deseased, may be recovered. Expenses, however, in an unreasonable, hopeless or useless endeavor, or losses caused by continuous use after the defects were patent and evidently incurable, could not be recovered."

For the reasons assigned the judgment appealed from is amended by reducing the amount allowed the defendant in reconvention to the sum of $35.00, the cost of this appeal to be borne by defendant, and in other respects it is affirmed.