## No. ——

### First Circuit

---

## COLT COMPANY v. SEAL

---

(June 26, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 238.**

If the article sold to the defendant is unsuited for the purpose for which it was sold, the defendant, upon being sued for the price by the plaintiff is given relief from the contract for redhibitory vices.

2. **Louisiana Digest—Sales—Par. 239.**

The prescription of one year for redhibitory action provided by Article 2534 of the Civil Code does not apply to the action of a defendant in his defense when he is sued for enforcement of the contract.

Appeal from the City Court of Bogalusa, Louisiana. Hon. C. E. Ott, Judge.

Action by J. B. Colt Company against W. A. Seal.

There was judgment for the defendant and plaintiff appealed.

Judgment affirmed.

B. D. Tally, of Bogalusa, attorney for plaintiff,. appellant.

Carter & Brock, of Franklinton, attorneys for defendant, appellee.

ELLIOTT, J. J. B. Colt Company sold and delivered to W. A. Seal an acetylene gas light machine for the price and sum of $274.75. The purchasing order bears date August 21, 1920, and the machine was installed September 4, 1920, defendant giving his note for the purchase. price and paying in addition for the installation. On October 1, 1921, defendant wrote the plaintiff that he could not pay more than $100.00 on his note and requested that the balance be extended for another year. This must have been agreeable to the plaintiff, because the defendant, on November 1, 1921, sent his check to the plaintiff for $100.00 and a new note for $174.47. On November 1, 1923, defendant paid plaintiff's collector $50.00 and executed another note for $148.47, which is the note on which the plaintiff has brought suit. The defendant enumerates a number of defenses and contends substantially and in effect in his answer that he bought the acetylene gas light machine under a guarantee that it would be in first-class condition and would give perfect satisfaction. That relying on these statements of plaintiff's agent be paid $100.00 cash and gave his note for $174.75. That when he tried to use the plant he found it to be worthless for the purpose ·for which it had been sold him. That when in use it emitted an odor of such nature and character that it was unbearable and leaked gas .all through the

house. That, on account of the odor, he was forced to close it down. That he notified plaintiff of the situation, but plaintiff made no effort to remedy the trouble until after the maturity of the note, when it sent an agent to examine and repair the plant and collect the note. That the agent pretended to repair the plant and guaranteed the plaintiff that it would then give satisfaction. That the agent then requested a payment and a new note; that relying on the promise and guaranty of the agent he paid $50.00 and executed the note for $148.47, but it did not do any better. That he notified plaintiff from time to time of the situation but his letters were not answered. That the renewal notes were obtained by fraud and misrepresentation after he ceased using the plant. That he had repeatedly asked plaintiff to take the plant off his hands, and in his answer he tenders the plant to the plaintiff. The trial judge rendered judgment in favor of defendant, rejecting plaintiff's demand and rescinding the sale. The plaintiff appealed.

On the trial of the case the court asked the defendant, referring to the letters declared on in plaintiff's petition and others annexed in the testimony of Albert Fortman, if these were the only letters he had written the plaintiff. The defendant, over plaintiff's objections, answered that he had written at least a dozen other letters complaining that he had been unable to use the plant. The plaintiff complains of this and contends that the court, acting on defendant's answer, had presumed that these other letters were in the hands of the plaintiff. The plaintiff declared on two letters and refers to the renewal of notes on part of defendant as admitting his liability, etc. The plaintiff had also offered in evidence the testimony of witness Fortman, with some other letters attached to

his depositions which had been written the plaintiff by defendant, in which defendant did not complain of the machine. It was all right for the trial court to ask the defendant if he had written other letters and to receive his reply that he had written at least a dozen and that these letters contained complaints that the machine could not be used for the purpose for which it had been sold him. And these other letters were presumably in plaintiff's possession and if plaintiff did not receive these other letters complaining that the machine could not be used, it should have, while adducing the letters which it offered in evidence, to show no complaints, also adduced testimony, if such was the fact, that plaintiff had not received any other letters to the contrary.

The plaintiff also offered in evidence the testimony of Peter Mayer that he had packed and shipped the generator to defendant and that it was in good condition when shipped. It was therefore admissible for defendants to prove that it was not in good condition after installation, due to the unbearable odor from leaking gas, etc. The witness Fortman, testifying for plaintiff, had stated that plaintiff did not install the plant. It was proper for the defendant to show that although he had paid for the installation that the work was done by a party sent to do it from the plaintiff, and the evidence supports defendant's contention in that respect. The witness Fortman testified that plaintiff sent a collector to collect from defendant and that his authority extended to making necessary adjustments of the machine needed at the time he called. This party called in 1923 and defendant testifies that the generator was out of use because of the odor it emitted when in use. Therefore it needed whatever was necessary to remove the trouble and that this agent undertook to remedy the matter and pre-

tended that he had fixed it, and that, acting on his statement that it had been fixed, and would now give satisfaction, he paid $50.00 and executed a new note for $148.45, the note sued on. That the agent stated he would call back in a few days and see how the plant was working, but he did not return. Defendant testifies that he tried the plant the first night after the agent had pretended to fix it and that it was as bad if not worse than it had been from the first, and that it remains in that condition and has never been in condition to be used for the purpose for which it was sold him and there is no evidence to the contrary. In one of the letters adduced against defendant bearing date February 15, 1924, defendant suggests to plaintiff to come and get the plant and sell it to pay the balance due on account of it, because he could not get much service out of it. The printed order signed by defendant guarantees the generator to act automatically. According to the evidence its action was such that defendant and his family could not remain in the rooms which were lighted, that the odor was so unpleasant that they found it necessary to open up the room and retire to the gallery until it passed away. The evidence is, in effect, that defendant used the plant to light his house for a while and at times occasionally; but after each short period of time, despite efforts to remedy the trouble, the odor was such that it was found necessary to desist and return to lamps. The purchasing order contains a printed statement that no agent or representative of the company has made any statement or agreement, verbal or written, modifying or adding to the terms and conditions herein set forth, etc. But there was also contained in the order an implied warranty as a matter of law that the plant could be used for the purpose for which it was sold by the plaintiff and bought by the defendant and if it could not be used for that purpose, without the fault or neglect of defendant, the situation was equivalent to an eviction. Under the law the seller, in case of eviction, is obliged to make restitution, even though there be stipulation to the contrary, unless the buyer is aware of the danger and buys at his peril and risk. C. C. Arts. 2505 and 2506. It is not contended that Seal was aware of the danger at the time of buying and we are satisfied that he was not. The fact that defendant made payments, gave renewing notes, wrote letters making no complaint about the odor, etc., and asked for further time weighs strongly against his present contentions, but giving all the evidential and presumptive force, proper to such facts, they do not absolutely prevent showing to the contrary, and when after the crucial fact is established beyond doubt that the plant has never at any time been useful for the purpose of lighting defendant's house, that its use for the purpose was always, notwithstanding occasional use, so inconvenient that it must be supposed that defendant would not have bought it if he had known that it could not be used for the purpose; and no fault or neglect in the matter on part of defendant appears, then in such a situation it must be held that plaintiff has failed to discharge its undertaking in the sale and in reason defendant should not be compelled to discharge his undertaking in the same matter. The plaintiff in such a case coming into court to compel performance on part of defendant gives the defendant a right to invoke the law of defense. C. C. Arts. 1882, 2047; C. P. Art. 20. The court a qua evidently concluded that the testimony of the defendant and his witnesses was true and acted on same in rendering judgment. Our consideration of

the facts and circumstances leads us to the same conviction, and we are further satisfied that the pleadings taken as a whole and the evidence adduced justifies the redhibitory relief granted the defendant in the lower court. Blackner Rotary Pump vs. Rantz Engineering Co., 1 La. App. 290; Standard Motors Co., Inc., vs. Yellow Bayou Gin Co., 1 La. App. 424; Holcomb & Hoke Mfg. Co. vs. James Theodora, 1 La. App. 445; Crown Cork & Seal Co. vs. Grapico Bottling Works, 1 La. App. 638; Melancon vs. Robichaux, 17 La. 97; Farmer vs. Fisk, 9 Rob. 351; and Templeman Bros. Lumber Co. vs. Fairbanks, Morse & Co., 129 La. 983, 57 South. 309. In this last case the court on rehearing, pages 1004 and 1005, released a defendant from paying the balance of a note.

The prescription of one year pleaded by plaintiff under the law, C. C. Art. 2534, has no bearing to limit the action of a defendant acting in defense when he is sued. 1 N. S. 468; Lastrapes vs. Rocquet, 23 La. Ann. 68, and Holcomb & Hoke Mfg. Co. vs. James Theodora, 1 La. App. 445. The judgment appealed from appears to us to do justice.

Judgment affirmed, plaintiff and appellant to pay the cost in both courts.