JANVIER, Judge.
Westside Appliance Company, a commercial partnership, and the individual members thereof seek to recover from defendant the balance alleged to be due on the purchase price of a gas kitchen range sold and delivered to defendant for use in his residence.
Defendant admits the purchase of the range and the correctness of the price, but he avers that it is and has always been defective, and that he would not have purchased it had he known of its condition, and that plaintiffs have failed or refused to correct the defects; that he has tendered the range back to plaintiffs, but that they have refused to accept it and to remove it from his residence.
There was judgment dismissing the suit and plaintiffs have appealed.
The record shows that there were two ranges which were involved in the transaction — the first was delivered and installed in the residence of defendant on or about August 9, 1950. There is no doubt that this range was defective, and plaintiffs had their employee make several unsuccessful attempts to repair it so as to make it acceptable, but that after many calls were made, plaintiffs agreed to replace it with another range. This was done on or about March 1, 1951. This range also was defective and again defendant called on plaintiffs to remedy the defects.
The record leaves no doubt that these defects were not eliminated. Even according to the service man who was sent to attempt to correct the faults, the necessary *207 repairs were not made. He says that the oven had “heat leakage” and that “the thermostat would not work as accurately as it should.” This witness, who was placed on the stand by plaintiffs, said that he thought that the defects “didn’t amount to a whole lot,” and that he thought that the defendant “would overlook it.”
Defendant says that the oven door was out of line and that heat leaked out of the oven; that the plate which rests on the oven was badly warped and that it fell from its support whenever there was vibration, and he said that the oven required “two or three times as long to get the proper roasting results.” He concluded his statement by saying that the repair man who had been sent to make the necessary repairs “took it all apart and tried to adjust it” and “said that it was unadjustable.”
Defendant’s wife corroborated all that defendant said and added: “I have ruined several cakes with it * * *. I can cook on top of the burners, but I can’t use the oven.”
Under date of April 2, 1951, which was one month after the second range had been installed and after an unsuccessful attempt had been made to repair it, the attorney for plaintiffs wrote to defendant demanding payment. Defendant, in order to show his good faith and his ability to pay, went to his bank and secured a cashier’s check for the correct amount, payable to himself. He sent this check by registered mail to plaintiff’s attorney and, in the letter which accompanied it, he said that he was ready, willing and able to pay for the range and that as soon as the defects were repaired, he would endorse the check over to plaintiffs. He also said in the letter
“This stove deal has never been satisfactory. The two (2) stoves that were delivered to my home had defective parts, which have never been adjusted * * *. Please advise your client to come and pick up this stove.”
Plaintiffs point to the fact that defendant has retained this stove and is still using it and that, for almost three years at the time of the trial, defendant had been using first the one stove and then the one which was sent to replace it and had not paid for either. '
It is shown that when the first stove was purchased defendant gave his old one as part payment and that, as a result, he would have been without any stove for household necessities had he not used the stove of plaintiffs, defective though it was. He was within his rights under these circumstances in demanding that plaintiffs remove the defective stove and in making such use of it as he could while he was waiting for them to remove it.
The facts here are analogous to those found in Reech v. Coco, 223 La. 346, 65 So.2d 790, and Colt Company v. Seal, 4 La.App. 618.
There is no doubt that where a purchaser desires to rescind the sale because of defects in the article purchased, the article must be returned, but under such circumstances as appear here, where the article is installed by the seller and the seller is notified that it must be removed by him and does not do so, the purchaser has complied with his obligation in tendering the article and in waiting for the seller to remove it.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.